## M. M. CRANE v. LEON & H. BLUM.

(Case No. 1463.)

1. JURISDICTION — COLLATERAL ATTACK.— When a question has been decided by the court of appeals, within the scope of its jurisdiction, rights acquired under the judgment in which the decision was made cannot be disturbed by a collateral proceeding begun in the district court.

2. JURISDICTION.— The question of the jurisdiction of the county court over the person of a party to suit before it, being once determined on appeal by the court of appeals, must be held conclusive as to parties and privies.

3. JUDGMENT.— The good of society and the preservation of rights and good order require that when once the rights of parties have been determined by the ultimate tribunal provided by law for their adjudication, the same should pass from the field of strife forever; any other rule would fill the court with causes which have once been determined, and render all rights of property uncertain and the most solemn judgments a mockery.

APPEAL from Johnson. Tried below before the Hon. Jo. Abbott.

The opinion states the case.

*D. T. Bledsoe* and *L. B. Davis,* for appellant.

*Scott & Levi,* for appellees.

I. The court erred in holding that the judgment rendered by the county court of Johnson county, Texas, in favor of Edward and John Martin against E. & I. Stone, under and by virtue of which the land in controversy was sold and purchased by appellant, M. M. Crane, is absolutely void.

II. The district court of Johnson county, at the date of the writs of citation and attachment under which appellant claims in this suit, had no jurisdiction of the case in which said writs were issued, and the same were void, as also the judgment founded on said writs, and appellant acquired no title thereunder to the lands in con-

troversy. Ordinance of Constitutional Convention of 1875, sec. 1, submitting new constitution to vote of the people; Const. of 1876, art. V, secs. 8, 16, 27; Crane v. Stone, decided by Commission of Appeals, Tyler term, 1881; Hardeman v. Morgan, 48 Tex., 106; Drake on Attachments, 85, 86, 87, 87a, 87b; Freeman on Judgments, § 117.

III. The alias citation to E. Stone was issued before the organization of the county court, which had exclusive jurisdiction to hear the cause. It was returnable to the district court, which had no jurisdiction to render judgment, and in which, therefore, the defendant could not be required to appear and plead, and was utterly void (a) as an original summons, (b) and *a fortiori* as the basis of acquiring constructive jurisdiction by judicial attachment. Pasch. Dig., art. 1431; Covington v. Burleson, 28 Tex., 370; Neill v. Brown, 11 Tex.; 17; Drake on Attachments, secs. 85, 86, 87, 87a, 87b.

IV. The writ of citation issued to the defendant, I. Stone, in the suit of E. & J. Martin v. E. & I. Stone, was void because not under seal, and the judgment rendered thereon was therefore void also. Pasch. Dig., art. 1431; Frost v. Schlumpfer, 2 Tex., 422.

V. The judgment in the suit of E. & J. Martin v. E. & I. Stone, being void as to I. Stone for want of citation, is void as to E. Stone also because it is indivisible. Hulme v. Janes, 6 Tex., 242; Long v. Garrett, 45 Tex., 401.

VI. The judgment of the county court of Johnson county in the case of E. & J. Martin v. E. & I. Stone, being void for want of jurisdiction of the parties, derived no additional force from the affirmance by the court of appeals, but must be treated as a nullity notwithstanding. Horan v. Wahrenberger, 9 Tex., 319; Able v. Bloomfield, 6 Tex., 264; Drake on Attachments, 87a; Freeman on Judgments, § 117.

STAYTON, ASSOCIATE JUSTICE.— It is admitted by both parties that the land in controversy formerly belonged to E. Stone, under whom they each claim title.

Appellees claim to deraign title under a judgment rendered in their favor against E. & I. Stone on the 14th of April, 1877, under which execution issued and sale was made of the land on the first Tuesday in June, 1877, at which they became the purchasers.

Appellant deraigns title through a judgment rendered in the county court for Johnson county on the 19th of June, 1876, in favor of E. & J. Martin and against E. & I. Stone, under which an execution and order of sale issued on the 15th of August, 1876, under which the land was sold on the first Tuesday in September, 1876, at which appellant became the purchaser.

On the 5th of February, 1878, E. & I. Stone sued out a writ of error by which the judgment rendered against them in favor of E. & J. Martin was taken to the court of appeals, which upon hearing affirmed the judgment of the county court upon the merits.

The suit in favor of E. & J. Martin was instituted in the district court for Johnson county in February, 1876, to recover $383.81 on a note executed by E. & I. Stone, and citation issued therein on the 19th February, 1876, which was served on I. Stone and returned not executed as to E. Stone, April 22, 1876.

On 3d of June, 1876, an *alias* citation to E. Stone was issued by the clerk of the district court for Johnson county, returnable to the June term of that court, and this was returned on the 5th of June, 1876, showing that the defendant E. Stone was not found in the county; after which the clerk of the district court for Johnson county issued a judicial attachment to enforce the attendance of E. Stone, and the same was levied on the 8th of June, 1876, on the lands in controversy as the property of E. Stone.  The cause of E. & J. Martin *v.* E. & I. Stone

was transferred to the county court of Johnson county by the district court of that county at the June term of that court for the year 1876.

The judgment in favor of E. & J. Martin was by default, and on the same day the judgment was rendered E. & I. Stone filed a motion to set aside the judgment, alleging their ignorance of the service of the attachment, and on the next day they filed a motion to quash the attachment upon various grounds, both of which motions were overruled on the 20th of July, 1876. It seems that the citation under which service was made upon I. Stone was without seal.

This suit was brought by the appellees to recover the possession of the land and to remove cloud from their title, and there was a judgment rendered to that effect.

It is claimed by the appellees that the judgment under which the appellant claims title is void for the reason that the judicial attachment was issued by the clerk of the district court after the adoption of the present constitution, and was made returnable to that court; and for the further reason that the citation under which service was had upon I. Stone was not under seal.

The question of the validity of the process under which E. & I. Stone were brought into the county court of Johnson county was passed upon by the court of appeals upon the writ of error presented by them, and was held to be valid, and it is neither necessary nor proper that we should reinvestigate that question; and it only becomes necessary, in order to a proper determination of the rights of the parties in this cause, to apply to them the legal results of the judgments rendered by the county court and the court of appeals.

The appellees claim the land under E. Stone through a judgment rendered and sale made since the sale made under the judgment rendered in favor of E. & J. Martin against E. & I. Stone; such being the case, the appel-

lees, in reference to the question now under consideration, must be deemed privies in estate with E. Stone.

"The term privity denotes mutual or successive relationship to the same rights of property," and it matters not whether such relationship be by voluntary or involuntary transfer. Freeman on Judgments, 162. If by reason of the proceedings had in the case of E. & J. Martin *v.* E. & I. Stone, title to the property in controversy passed, as against them or either of them, to the appellant, then the appellees are as much barred thereby as though they had been parties to that suit; for they claim to have succeeded to an estate in the same through E. Stone since the rights of appellant were acquired under that judgment.

Such being the case, it only becomes necessary to inquire as to the character and effect of the judgments against E. & I. Stone and in favor of E. & J. Martin.

If there was any question as to whether the county court for Johnson county acquired jurisdiction over the persons of E. & I. Stone, there can be no question that it had jurisdiction of the subject matter of that suit. That court adjudged that it had jurisdiction over their persons; and were the rights of the parties now before us dependent alone upon that judgment, the present attack thereon being strictly collateral, we should be bound to hold, unless the record showed to the contrary, that such jurisdiction was obtained. Fitch *v.* Boyer, 51 Tex., 344.

We are not, however, left in this cause to determine the rights of the parties by that judgment alone.

The county court having jurisdiction of the subject matter of that suit, the question of the correctness of its judgment in regard to its jurisdiction over the persons of E. & I. Stone could be, as it was, legally investigated and determined by the court of appeals, which is made by law the court of last resort in that class of cases. The

parties used the proper process to give the court of appeals jurisdiction of their persons, and it having jurisdiction of the subject matter of the suit, was fully empowered to determine all questions in the cause; an inquiry was made by that court into the question of the jurisdiction of the county court of Johnson county over the persons of E. & I. Stone, and it was therein determined that such jurisdiction existed and the judgment was affirmed.

That judgment must be held conclusively to establish the validity of the judgment which the appellees claim in this court was void, and nothing can now be heard from the appellees to impeach its validity for the want of jurisdiction over the persons of E. & I. Stone.

The administration of all human laws must necessarily be as imperfect as are the instruments through which they are administered; and that in some instances the adjudications of the courts may operate a hardship upon particular individuals, furnishes no reason why a cause once determined upon its merits should not be held conclusive between the parties thereto and their privies, in reference to all matters therein involved and determined; the good of society and the preservation of rights and good order require that, when once the rights of parties have been determined by the ultimate tribunal provided by law for their adjudication, that the same shall pass from the field of strife forever; any other rule would but fill the courts with causes which have been once determined, and render all rights of property uncertain and the most solemn judgments a mockery.

The judgment of the court of appeals affirming the judgment of the county court of Johnson county rendered in favor of E. & J. Martin against E. & I. Stone, the correctness of which we do not wish to be understood as questioning or passing upon, conclusively establishes in favor of the appellant the question upon which the

rights of the parties in this cause depends, and it is unnecessary to consider any other question presented by the record. For the error of the court in rendering judgment in favor of the appellees, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 28, 1882.]