**Donnie Ray PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 56957.

Court of Criminal Appeals of Texas, Panel No. 3.

May 31, 1978.

Steven G. Condos, Dallas, for appellant.

Henry M. Wade, Dist. Atty., T. Michael Sutton, Paul Macaluso and Rider Scott, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

OPINION

ROBERTS, Judge.

This is an appeal[1] from a conviction for possession of heroin; the punishment, enhanced under V.T.C.A., Penal Code, Section 12.42(d) by two prior felony convictions, was assessed by the jury at life imprisonment.

Section 12.42(d) of the Penal Code provides:

"(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

This conviction must be reversed because there is no evidence to show that appellant's second previous conviction was for an offense committed after the first previous conviction became final.

1. On December 14, 1977, we abated this appeal in an unpublished *per curiam* opinion. The appeal is now reinstated.

The indictment alleged that the primary offense occurred on September 25, 1976; that prior to that date the appellant had been convicted on May 28, 1956, for the offense of robbery in Cause No. C 113 IH in the Criminal District Court of Dallas County; and that prior to the commission of these two offenses, on July 20, 1951, appellant was convicted for the offense of felony theft in Cause No. 130–AB in Criminal District Court No. 2 of Dallas County.

Section 12.42(d) requires the State to prove beyond a reasonable doubt that the second previous conviction of the accused was committed after the first became final. *Wiggins v. State*, 539 S.W.2d 142 (Tex.Cr. App.1976); *Hickman v. State*, 548 S.W.2d 736 (Tex.Cr.App.1977). This was also required by our former Penal Code. Article 63, V.A.P.C. (1925). See, e. g., *Tyra v. State*, 534 S.W.2d 695 (Tex.Cr.App.1976).

In this case the State introduced the judgment and sentence from each of the two prior convictions after showing by fingerprint comparisons that appellant was the person who had been the subject of those convictions. Appellant's conviction for robbery in Cause No. C 113 IH was final on May 28, 1956; therefore, this conviction was final before the commission of the primary offense, which, as the State's evidence showed, occurred on September 25, 1976.

Appellant's theft conviction in Cause No. 130–AB was shown to have been final on July 20, 1951. However, the record fails to show when the offense in Cause C 113 IH was committed. Therefore, there is no evidence in the record to show that the conviction in Cause No. 130–AB was final when appellant committed the offense in Cause No. C 113 IH. The State has thus failed to meet its required burden under Section 12.-42(d). *Wiggins v. State, supra*; *Hickman v. State, supra*.

Since the jury assessed punishment, we may not reform the sentence or remand for a new trial on punishment only. See *Hickman v. State, supra*, 548 S.W.2d at 737, and cases there cited.

Accordingly, the judgment is reversed and the cause remanded.