**Ex parte Ruben COLUNGA.**

**No. 60698.**

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 10, 1979.

John E. Ackerman, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding under the provisions of Article 11.07, V.A.C.C.P.

The record reflects that petitioner was convicted of murder and his punishment was assessed at one hundred ninety-nine (199) years' imprisonment. On appeal the conviction was reversed because of insufficient evidence to corroborate the accomplice witness. On rehearing this court held that upon a finding on appeal that the evidence is insufficient to corroborate the testimony of an accomplice witness the proper disposition is to reverse and remand the cause for a new trial in light of the provisions of Article 44.25, V.A.C.C.P. See *Colunga v. State,* 481 S.W.2d 866 (Tex.Cr.App.1972).

Petitioner was retried and convicted and again his punishment was assessed at one hundred ninety-nine (199) years' imprisonment. His conviction was affirmed on appeal. *Colunga v. State,* 527 S.W.2d 285 (Tex.Cr.App.1975). His claim of double jeopardy was rejected.

Petitioner now urges that in light of the holdings in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), he is entitled to post-conviction habeas corpus relief. In *Burks* it was held that the double jeopardy provision of the Fifth Amendment would prevent the retrial of an individual whose conviction had been reversed because of the insufficiency of the evidence to sustain the conviction. *Greene* makes clear that *Burks* was applicable to state criminal proceedings by virtue of the Fourteenth Amendment.

The trial court made findings of fact and conclusions of law which support appellant's contentions. The only question remaining is the retroactivity of the holdings in *Burks* and *Greene.* In *Minix v. State,* 579 S.W.2d 466 (Tex.Cr.App.1979),[1] this court held that *Burks* and *Greene* are to be applied retroactively.[2] Petitioner is entitled to the relief he seeks. Petitioner is ordered released from confinement from the Texas Department of Corrections as a result of his conviction for murder.

It is so ordered.

1. Cf. *Robinson v. Neil,* 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973).

2. It is observed that in *Johnson v. State,* 571 S.W.2d 4 (Tex.Cr.App.1978) (footnote # 2), Article 44.25, V.A.C.C.P., was held unconstitutional insofar as it was in conflict with *Burks* and *Greene.*