**Jerry Lynn GIRNUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50613.**

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 30, 1980.

Rehearing Denied March 26, 1980.

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Alvin M. Titus and Andy M. Tobias, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft, committed on August 30, 1973. After appellant was found guilty by the jury, the court found that appellant had twice before been convicted of non-capital felonies and sentenced him to imprisonment for life under Article 63, V.A.P.C.

This is the fourth time this appeal has been before this court. On October 8, 1975, the appeal was abated because appellant, who is indigent, was not advised that he had a right to review the transcript and to file a pro se brief after his counsel filed a frivolous appeal brief. On July 14, 1976, we remanded this cause for a new hearing on punishment because the State had not proved that the second conviction alleged for enhancement occurred after the first had become final or that appellant was the same Jerry Lynn Girnus whose convictions were evidenced by the pen packets which were introduced in evidence at the hearing on punishment. On September 14, 1977, 555 S.W.2d 132, we dismissed the appeal because the court failed to enter a new judgment following the second hearing on punishment.

Appellant contends that since the State failed to prove one of the two prior convictions at the first hearing on punishment, the evidence was insufficient, and he could be punished only as a second offender pursuant to Article 62, V.A.P.C., and not as an habitual criminal under Article 63, V.A.P.C. Allowing the State another chance to prove the prior conviction, appellant argues, violates the double jeopardy clause of the Fifth Amendment to the United States Constitution. Appellant also urges that the imposition of a life sentence in the circumstances of this case constitutes cruel and unusual punishment.

Appellant relies on *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). In *Burks*, the United States Supreme Court held that the "Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient . . . ." In *Greene*, the Supreme Court held, "Since the constitutional prohibition against double jeopardy is fully applicable to state criminal proceedings, *Benton v. Maryland*, supra [395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)], we are bound to apply the standard announced in *Burks* to the case now under review."

The contention here advanced by the appellant was only recently considered in *Porier v. State*, —— S.W.2d —— (Tex.Cr.App. # 56,446, 10/3/79), and decided adversely to appellant's contention. We adhere to *Porier*.

*Burks* and *Greene* are inapplicable in the instant case. The trial court acted properly allowing the State, at the new hearing on punishment, to again attempt to prove the prior convictions for the purpose of enhancement. The State having proved both prior convictions, punishment was properly assessed at imprisonment for life. Article 63, V.A.P.C.

Appellant also contends that the imposition of a life sentence under the facts of this case constitutes cruel and unusual punishment. Appellant relies on *Rummel v. Estelle*, 568 F.2d 1193 (5th Cir. 1978), petition for rehearing en banc granted. *Rummel* held that the imposition of a life sentence under Article 63, V.A.P.C., may, in some circumstances, constitute cruel and unusual punishment. We decline to follow *Rummel*. This court consistently has held that a life sentence imposed pursuant to this state's enhancement statutes does not constitute cruel and unusual punishment. See *Thomas v. State*, 543 S.W.2d 645 (Tex. Cr.App.1976); *Armendariz v. State*, 529 S.W.2d 525 (Tex.Cr.App.1975); *West v. State*, 511 S.W.2d 502 (Tex.Cr.App.1974); *Thrash v. State*, 500 S.W.2d 834 (Tex.Cr. App.1973).

The judgment is affirmed.