**Ex parte James Robert AUGUSTA.**

**No. 69006.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 6, 1982.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

### I. The Issue Before Us

James Robert Augusta, applicant, challenges by way of a post-conviction writ of habeas corpus, see Art. 11.07, V.A.C.C.P., the life sentence he is presently serving. Augusta asserts in his application that because the trial court once held that the evidence adduced at the first enhancement proceeding was legally insufficient to establish the sequence of the prior felony convictions alleged in the indictment, the State was precluded from enhancing his punishment at his second trial to that for an habitual criminal. We agree and will grant Augusta relief.

### II. History of the Case and Prior Case Law

Augusta, who is an habitual criminal, see V.T.C.A., Penal Code, Sec. 12.42(d),* makes his third legal appearance before this Court; this time pursuant to Art. 11.07, V.A.C.C.P. In 1977 when Augusta made his first legal appearance before this Court, by way of a direct appeal, it was necessary for this Court to abate his appeal because the trial court had failed to comply with the Supreme Court decision of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and this Court's decision of *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.

---

* Section 12.42(d), V.T.C.A., Penal Code, provides as follows:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life.

App.1969), in that it had failed to give Augusta an opportunity to review the appellate record in order to aid him in preparing a pro se brief he wanted to prepare and file. Thereafter, the trial court, acting pursuant to Art. 40.09, Sec. 12, V.A.C.C.P., as the statute was then worded, granted Augusta a new trial on the issue of guilt as well as punishment. The trial court acted as it did because it determined that the evidence which had been presented by the State at the punishment stage of Augusta's trial was insufficient to establish the allegation of the indictment that concerned the sequence of the prior felony convictions. In a nutshell, the State had failed to prove that Augusta's second previous felony conviction was committed after the first previous conviction became final. The trial court, when it granted Augusta a complete new trial as to both guilt and punishment, was acting pursuant to statute, see V.T.C.A., Penal Code, Sec. 12.42(d), and case law of this Court. See, for example, *Porter v. State,* 566 S.W.2d 621, 622 (Tex.Cr.App. 1978); and *Hickman v. State,* 548 S.W.2d 736 (Tex.Cr.App.1977). Although the error related to punishment only, because the jury, not the trial court, had made the determination that Augusta was an habitual criminal, which finding resulted in the trial court automatically assessing Augusta's punishment at life imprisonment, see Sec. 12.42(d), supra, Augusta was entitled to a new trial on the issue of guilt as well as punishment. See *Hickman,* supra, and *Ocker v. State,* 477 S.W.2d 288 (Tex.Cr.App. 1972). Thereafter, over his objection, Augusta was retried on the same indictment. Other than the fact that the trial court allowed Augusta to personally participate with his court appointed counsel during all stages of the trial, the second trial was almost a mirror image of the first trial. Another jury found Augusta guilty of committing the primary offense of unauthorized use of a motor vehicle, see V.T.C.A., Penal Code, Sec. 31.07, and also found that the two prior felony convictions alleged in the indictment were "true". The trial court assessed Augusta's punishment at life imprisonment. Augusta thereafter appealed his conviction to this Court, and on May 13, 1981, this Court affirmed the conviction. *Augusta v. State,* 616 S.W.2d 227 (Tex.Cr. App.1981). Augusta contended in his sole ground of error that his conviction "as an habitual criminal violate[d] the Double Jeopardy clause of the Fifth Amendment," and relied upon the Supreme Court decision of *Burks v. United States,* 437 U.S. 19, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), as authority for his contention. See also *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). In *Burks* and *Greene,* the Supreme Court had held that the Double Jeopardy Clause of the Federal Constitution precluded a retrial of a defendant "once the reviewing court has found the evidence legally insufficient" to support the conviction. Augusta, however, because of the law then in effect in Texas, did not benefit from *Burks* and *Greene.* In a per curiam opinion, this Court held: *"Porier v. State,* 591 S.W.2d 482 (Tex.Cr.App.1980), is squarely against appellant. The ground of error is overruled." *Augusta v. State,* 616 S.W.2d 227 (Tex.Cr.App.1981). In *Porier,* this Court had held that the failure of the State in its proof regarding enhancement of punishment allegations did not bar a retrial of the issue of enhancement of punishment because such was not a question of fact determining guilt or innocence of the defendant, but, rather, was an historical fact, and such failure went to method of proof, and not the validity of the historical event. Thus, such error was trial error and not insufficiency of the evidence error.

### III. *Present Case Law*

On May 4, 1981, a little over a week prior to when this Court affirmed Augusta's conviction, the Supreme Court, for the first time in its history, held that the Double Jeopardy Clause of the Federal Constitution applied to the sentencing stage of a trial. See *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). In *Bullington,* the Supreme Court held that the Double Jeopardy principles engrained within the provisions of the Fifth Amendment to the Federal Constitution prevented the State from seeking the death penalty at a

retrial of a defendant whose first jury, following a sentencing proceeding that effectively amounted to a trial on the issue of punishment, declined to impose the death penalty.

On April 21, 1982, this Court in *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr.App.1982), after interpreting *Bullington v. Missouri*, supra, expressly overruled, among other cases, *Porier v. State*, supra. See also *Diremiggio v. State*, 637 S.W.2d 926 (Tex. Cr.App.1982) (State's Motion for leave to File Motion for Rehearing Denied September 15, 1982). In *Cooper*, supra, the state had alleged in the indictment in that cause, pursuant to Sec. 12.42(d), the fact that the defendant had previously been convicted for committing two felony offenses. However, this Court concluded that the evidence presented was insufficient to establish that the second conviction was for an offense occurring after the date of the first conviction. It then held: "We, therefore, hold as a matter of federal constitutional law compelled by Bullington that if the State fails to sufficiently prove all facts necessary to find an enhancement paragraph 'true', the State may not, at a new hearing in that cause, have a second opportunity to prove the original allegations."

This Court, also in *Cooper*, reinterpreted *Burks* and *Greene*, supra, and concluded: "the gravamen of these holdings is that it violates the double jeopardy clause of the United States Constitution to allow the State to make an allegation, attempt to prove that allegation, fail to do so and yet be able to attempt to again prove such allegation in another trial or hearing in the same cause. We feel that is what would happen in this instance if the State were allowed another opportunity to prove the enhancements in this case . . ."

Because of the fact that the punishment hearing in *Cooper* had been conducted not before a jury but before the trial court and, furthermore, because the punishment previously assessed could be reformed from life imprisonment to twelve years' confinement in the penitentiary, it was not necessary for this Court to remand the cause to the trial court solely for a new hearing on the issue of punishment. Thus, this Court, as it was authorized to do, see Art. 44.24(b), V.A.C. C.P.; and Art. 62, 1925 Penal Code, reformed Cooper's punishment from life imprisonment to twelve years' confinement in the penitentiary.

### IV. The Punishment Hearing of an Habitual Criminal

█ By virtue of the clear terms of Sec. 12.42(d), supra, a jury that sits at the punishment stage of a trial of a defendant sought to be classified and punished by the State as an habitual offender is not just meting out just deserts to that defendant, but actually is sitting as a trier of facts, the resolution of which may or may not result in the automatic assessment of the defendant's punishment at life imprisonment. In order to classify and punish a defendant as an habitual criminal, the State must not only allege in the charging instrument the primary offense, but additionally must allege that the defendant has twice previously been convicted of felony offenses. The State consequently must prove at the guilt stage of the trial the defendant's guilt of the primary offense and must prove at the punishment stage of the trial, see Art. 37.-07, V.A.C.C.P., that the defendant on trial is in fact the same defendant named in each of the alleged felony convictions and further must prove that the date of the offense which led to the second felony conviction was subsequent to the date the first felony conviction became final. Failure to prove all of these facts will nullify the punishment hearing. If the punishment hearing was before a jury, and there was error, then the defendant will be entitled to a new trial on the issue of guilt as well as punishment. If the hearing was before the trial court, and there was error, then the defendant will only be entitled to a new punishment hearing. Thus, the punishment hearing to decide the punishment of an alleged habitual offender not only resembles in all relevant respects a trial on the issue of guilt, it is itself a trial, with the trier of facts judging the issues by the standard of "beyond a reasonable doubt".

It therefore has all of the hallmarks of a trial on guilt or innocence. *Bullington,* supra, (Blackmun, J., Majority Opinion, 451 U.S. at 439, 101 S.Ct. at 1858, 68 L.Ed.2d at 279). We conclude that the Legislature, by enacting the procedures which govern the making of the determination of whether the defendant on trial is an habitual criminal and thus entitled to be automatically assessed life imprisonment, intended that the State must prove its case against a defendant, as alleged in the charging instrument.

### V. Burks, Greene, and Bullington are to be applied retroactively

As noted, in *Burks* and *Greene,* supra, the Supreme Court held that the Double Jeopardy Clause of the Federal Constitution precluded a retrial "once the reviewing court has found the evidence legally insufficient" to support the conviction. As also noted, *Bullington,* supra, applied that principle of law to the punishment stage of the trial, where the "sentencer" has been given the responsibility of resolving issues of fact.

This Court has previously held that *Burks* and *Greene* are to be applied retroactively. See *Ex parte Colunga,* 587 S.W.2d 426 (Tex. Cr.App.1979), cert. denied 445 U.S. 920, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980); *Ex parte Reynolds,* 588 S.W.2d 900 (Tex.Cr.App. 1979), cert. denied 445 U.S. 920, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980); and *Ex parte Mixon,* 583 S.W.2d 378 (Tex.Cr.App.1979), cert. denied 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980).

However, this Court has not in the past expressly held that *Bullington,* supra, should be applied retroactively. We believe that in light of the Supreme Court's holding in *Bullington,* see also *United States v. Johnson,* —— U.S. ——, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), and this Court's interpretation of *Bullington,* see, for example, the various opinions in *Wallace v. State,* 618 S.W.2d 67 (Tex.Cr.App.1981); *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980); and *Cooper,* supra, it should be. We, therefore, expressly hold that *Bullington* is to be given full retroactive application.

### VI. Application of Constitutional Principles to this Cause

We believe that whether one applies the Double Jeopardy Clause of the Federal Constitution, see the 5th Amendment to the United States Constitution, or applies Article I, Sections 14 and 19 of the Texas Constitution to the situation where the evidence is found lacking in the resolution of factual issues presented at the punishment stage of a trial, the State should not get "a second bite at the apple", at either a new punishment hearing or upon a retrial of the entire case. Thus, we hold that under either the Federal Constitution or the Texas Constitution the State of Texas is precluded from relitigating an issue of fact at a second trial or at a second punishment hearing where it failed to properly litigate that factual issue at the first trial or at the first punishment hearing.

### VII. Estelle v. Bullard

In *Cooper v. State,* supra, this Court, in deciding that cause, expressly applied the holding of the Fifth Circuit's decision of *Bullard v. Estelle,* 665 F.2d 1347 (5th Cir. 1982). Because of what we have stated, we do not find it necessary to address the questions posed in the Petition for Certiorari granted by the Supreme Court of the United States in *Estelle v. Bullard,* —— U.S. ——, 102 S.Ct. 2927, 73 L.Ed.2d 1328 (1982), and pause only momentarily to note that that cause was initiated by this Court's decision in *Bullard v. State,* 548 S.W.2d 13 (Tex.Cr.App.1977). In *Cooper v. State,* supra, this Court expressly overruled *Bullard v. State,* loc. cit.

### VIII. The Disposition We Make of Augusta's Conviction and Life Sentence

Although Augusta challenges only his punishment of life imprisonment, which was assessed in the retrial of his cause, we are unable to reform the sentence as we did in *Cooper v. State,* supra. There, the Court was able to reform the punishment because of the provisions of Article 62, 1925 Penal Code, which governed Cooper's conviction

and punishment. However, the present Penal Code of this State, which became effective January 1, 1974, and which governs Augusta's cause, does not contain a like provision that the former Penal Code did, viz: if it be shown on the trial of a felony less than capital that the defendant has been previously convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases. Therefore, as we are unable to reform Augusta's punishment and sentence, and because the punishment hearing was conducted before a jury, Augusta is entitled to a new trial on the issue of guilt as well as punishment. *Porter v. State,* supra; *Hickman v. State,* supra. However, should the State elect to retry Augusta, and he is found guilty of committing the primary offense alleged in the indictment in this cause, the State will be prohibited from using at the new punishment hearing, for enhancement of punishment purposes, the felony burglary conviction Augusta sustained in the 10th Judicial District Court of Galveston County in that court's cause number 30,845, which conviction is the second felony conviction alleged in the indictment in this cause.

Therefore, the judgment of conviction obtained against Augusta in cause number 33,636 in the 56th Judicial District Court of Galveston County is hereby ordered set aside and Augusta is remanded to the custody of the Sheriff of Galveston County to answer the indictment in this cause. A copy of this opinion will be mailed by the Clerk of this Court to the Texas Department of Corrections.

ROBERTS, DALLY, W. C. DAVIS and McCORMICK, JJ., concur in result.