**Ex parte Jerry Lynn GIRNUS.**

**No. 69055.**

Court of Criminal Appeals of Texas.

Oct. 27, 1982.

Jerry Lynn Girnus, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is a post-conviction application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

On July 22, 1974, the applicant was convicted of the offense of burglary with intent to commit theft in Harris County cause number 215440. Punishment, enhanced by two prior felony convictions, was assessed by the court at imprisonment for life. This conviction was affirmed in *Girnus v. State*, 595 S.W.2d 118 (Tex.Cr.App.1980).

During the pendency of the applicant's appeal, this Court remanded the cause to the trial court three times. The second remand was on July 14, 1976. The unpublished per curiam opinion delivered by this Court on that date stated that the cause was remanded for a new hearing on punishment because the State had not proved at the original punishment hearing that the second prior conviction alleged for enhancement was for an offense that had been committed after the first prior conviction had become final. The opinion also stated that the State had not proved that the applicant was the individual whose convictions were evidenced by the pen packets

that were introduced in evidence at the original punishment hearing. A second punishment hearing was held and this Court ultimately affirmed the conviction, rejecting the applicant's contention on appeal that the double jeopardy clause of the Fifth Amendment to the United States Constitution was violated when the State was given a second chance to prove the prior convictions. This Court held that the opinions of the United States Supreme Court in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) did not apply to the proof of prior convictions for the purpose of enhancement of punishment.

In the instant application for writ of habeas corpus, the applicant notes that this Court has changed its view as to the application of *Burks* and *Greene* to the proof of prior convictions. This Court has now held that if the State fails to sufficiently prove all facts necessary to find an enhancement paragraph true, the State may not, at a new hearing in the same cause, have a second opportunity to prove the original allegations. *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr.App.1982). Since this Court has held, in another context, that the rule announced in *Burks v. Greene* applies retroactively, *Ex parte Mixon*, 583 S.W.2d 378 (Tex.Cr.App.1978), it would appear at first glance that the applicant is entitled to a reassessment of punishment without reference to one or both of the enhancement paragraphs. However, for the reasons hereafter stated, we have determined that the applicant is not entitled to this relief.

The applicant testified on his own behalf during the guilt-innocence stage of his trial. During cross-examination, the applicant admitted several prior convictions. Among the prior convictions admitted by the applicant were McLennan County cause number 15609 and Bell County cause number 18324, the two prior convictions alleged for enhancement. This Court has held that where the defendant takes the stand at the guilt-innocence stage of the trial and any part of his prior criminal record is properly

used for impeachment, the same need not be reintroduced at the hearing on punishment and such evidence may be properly considered by the judge or jury assessing the penalty. Thus, this Court was in error when it stated in its per curiam opinion delivered July 14, 1976, that the State had failed to prove that the applicant was the individual whose convictions were evidenced by the pen packets tendered at the original punishment hearing. The applicant's admission of these prior convictions relieved the State of any further burden of proof in this regard.

■ Three pen packets were introduced in evidence at the original punishment hearing. One of these pen packets contains the judgment and sentence from McLennan County cause number 15609, the earliest of the two prior convictions alleged for enhancement. The judgment and sentence are dated March 11, 1965, and this conviction was not appealed. Another pen packet contains copies of the judgment, sentence, and indictment in Bell County cause number 18324, a conviction for attempted burglary and the more recent of the two prior convictions alleged for enhancement. This indictment, which is certified by the district clerk, bears a file mark of March 25, 1971. In 1971, the limitation period for attempted burglary was three years. Article 12.04, V.A.C.C.P. (1965). Because the indictment in Bell County cause number 18324 was returned more than six years after the conviction in McLennan County cause number 15609 became final, introduction of this indictment was sufficient to prove that the Bell County offense was committed after the McLennan County conviction became final. *Villareal v. State,* 468 S.W.2d 837 (Tex.Cr.App.1971). Thus, this Court was in error when it stated in its per curiam opinion delivered July 14, 1976, that the State failed to prove at the original punishment hearing that the second prior conviction alleged for enhancement was for an offense committed after the first conviction had become final.

■ In summary, the evidence introduced by the State at the applicant's original trial was sufficient to prove the two prior convictions alleged for enhancement. This Court was in error when it stated in its opinion delivered July 14, 1976, that the evidence was insufficient. Although the State was given a second opportunity to prove the enhancement allegations, no harm was suffered by the applicant because the proof adduced at the first trial was sufficient. Thus, there was no violation of the rule announced in *Cooper v. State, supra.*

For the reasons stated, the relief sought is denied.

IT IS SO ORDERED this 27th day of October, 1982.

CLINTON, J., dissents.

TEAGUE, Judge, dissenting.

Prior to this Court's decision of *Cooper v. State,* 631 S.W.2d 508 (1982), the failure of the State in its proof at the first trial or first punishment hearing, regarding enhancement of punishment allegations, did not bar a retrial or rehearing of the issue of enhancement of punishment. This was because this Court had previously held that such was not a question determining guilt or innocence of the defendant, but, rather, was a question involving a historical fact, and such failure went to method of proof, and not the validity of the historical event. See, for example, *Bullard v. State,* 548 S.W.2d 13 (Tex.Cr.App.1977); and *Porier v. State,* 591 S.W.2d 482 (Tex.Cr.App.1980).

However, this Court in *Cooper,* supra, after it had reinterpreted the Supreme Court's decisions of *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), and applied the principles of law announced in those cases, overruled its previous rule of law. The law of this State now is that if the State fails to satisfactorily prove at the first trial or at the first punishment hearing all of the necessary legal facts to warrant a finding that an enhancement allegation is "true", it may

not, either at a retrial or at a new punishment hearing of that cause, have a second opportunity to prove the original enhancement allegations. In *Cooper,* this Court expressly overruled such decisions of this Court as *Bullard v. State,* supra, and *Porier v. State,* supra.

Girnus, the applicant here, is the same defendant as in *Girnus v. State,* 595 S.W.2d 118 (Tex.Cr.App.1980), where this Court applied to his cause the former rule of law that if there was error of insufficiency of the evidence at the punishment stage of the trial the State was not precluded, at a new hearing on punishment, to again attempt to prove the prior convictions for the purpose of enhancement of punishment. As authority for rejecting the defendant's adverse contention, this Court used its decision of *Porier v. State,* supra. As previously noted, this Court in *Cooper,* supra, expressly overruled, among other cases, *Porier,* loc. cit.

This Court has previously held that *Burks* and *Greene,* supra, in which the Supreme Court of the United States held that the Double Jeopardy Clause of the Federal Constitution precluded a retrial "once the reviewing court has found the evidence legally insufficient to support the conviction," are to be applied retroactively. See *Ex parte Colunga,* 587 S.W.2d 426 (Tex.Cr.App. 1979); *Ex parte Reynolds,* 588 S.W.2d 900 (Tex.Cr.App.1979); and *Ex parte Mixon,* 583 S.W.2d 378 (Tex.Cr.App.1979). In *Bullington v. Missouri,* the Supreme Court applied its principle of law announced in *Burks* and *Greene* to the punishment stage of the trial, where the "sentencer" has been given the responsibility of resolving issues of fact. In *Augusta v. State,* 639 S.W.2d 481 (Tex.Cr.App.1982), this Court held that *Bullington v. Missouri,* supra, was to be applied retroactively.

The majority today, however, refuses to apply its decisions of *Cooper,* supra, and *Augusta,* supra, and in turn the decisions of *Burks, Greene,* and *Bullington,* supra, to applicant's cause, and denies him relief by rewriting a unanimous final panel decision of this Court, which decision was unanimously upheld on rehearing by the entire Court. Contrary to the former opinion and decision of this Court, see *Girnus v. State,* supra, the majority today, after rewriting its prior final decision, holds that the evidence adduced at the punishment stage of applicant's first trial was in fact sufficient to support the enhancement of punishment allegations of the indictment. By taking this approach, the majority is wrong, wrong, wrong.

The majority's holding is legally impermissible, even if the prior decision of this Court was factually erroneous. The former decision of this Court has long since become final; by the expiration of both the time for filing of a motion for rehearing and the fact that the term of court in which the decision was rendered has expired. The majority's rewriting of a final judgment of this Court, rendered through an opinion of this Court, even if the prior opinion was factually erroneous, flies in the face of policy first set by the Supreme Court of Texas almost 50 years before this Court even existed. In *Chambers v. Hodges,* 3 Tex. 517 (1848), the Supreme Court stated the following:

> The jurisdiction of this Court is exclusively appellate, but its revisory power is to be exerted, not over its own judgments, but over those of inferior jurisdiction. These it has the power to affirm, reverse and reform, or to remand the cause for a new trial and more definite decision; but the statute has conferred upon it no authority to revise its own judgments upon the merits, or to affect any material modification in any material thing therein determined. There must be some period in which litigation shall cease, and controversial rights be formally disposed of and settled; and this period seems, on principle, to be contemporaneous with the accomplishment of the act for which the power has been exerted. The statute forbids no such conclusion, and we may safely hold that when the judgment of the court is fully settled, its minutes entered and authenticated as a record, and the term is closed, the court has no further power over the decree for the purpose of

revision or modification upon the merits; and that the matters therein disposed of are finally settled, and the rights adjudicated are irrevocably concluded and established.

In *Crane v. Blum*, 56 Tex. 325 (1882), the Supreme Court also, almost ten years before this Court came into existence, stated the following:

The administration of all human laws must necessarily be as imperfect as are the instruments through which they are administered; and that in some instances the adjudications of the courts may operate a hardship upon particular individuals, furnishes no reason why a cause once determined upon its merits should not be held conclusive between the parties thereto and their privies, in reference to all matters therein involved and determined; *the good of society and the preservation of rights and good order require that, when once the rights of parties have been determined by the ultimate tribunal provided by law their adjudication, that the same shall pass from the field of strife forever; any other rule would but fill the courts with causes which have been once determined, and render all rights of property uncertain and the most solemn judgments a mockery.* [Emphasis Added].

Although there have been changes in our law of both a Constitutional and statutory nature since the above pronouncements were made by the Supreme Court, nevertheless, the above policy established by the Supreme Court of Texas has not changed, and has remained effective and a bulwark in our jurisprudence. The majority opinion gives absolutely no sound reasons why the policy should not continue until Gabriel blows his horn.

I acknowledge there are exceptions to the doctrine governing finality of judgments of courts. See, for example, *Burr v. Lewis*, 6 Tex. 76 (1851), (a judgment rendered by a court lacking jurisdiction over the parties or subject matter is void and may be collaterally attacked); *Bush v. State*, 166 Tex.Cr.R. 259, 313 S.W.2d 287 (1958); *Burke v. Matthews*, 37 Tex. 73 (1872); *Bailey v. State*, 11 Tex.App. 140 (1881), (a judgment of conviction based on violation of one or more constitutional rights of the defendant may be collaterally attacked). However, Girnus, the applicant, is not directly seeking to void his conviction and sentence on the basis of either of these exceptions. He is merely asking this Court, because of changes in the law since this Court affirmed his conviction and sentence, to recognize what it stated in its decision of affirmance, and to apply to his cause the principles of law announced in *Cooper*, supra, and *Augusta*, supra. I also point out that, even if this Court could legally do so, which it cannot, neither Girnus nor the great State of Texas has requested or motioned this Court to re-examine, readjudicate, or rewrite the prior opinion handed down by this Court.

For double jeopardy purposes, a finding that the evidence the State has presented is insufficient to sustain a necessary element of a charging instrument is equivalent to an acquittal at trial. *Burks v. United States*, supra. Cf. *Tibbs v. Florida*, —— U.S. ——, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). It is elementary law that an acquittal is an absolute bar to a retrial for the same offense no matter how irregular or factually erroneous that verdict might be. *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). The finding that this Court made in *Girnus v. State*, supra, now has the effect of an acquittal on the allegations of the prior felony convictions alleged in the applicant's indictment, and such finding cannot now be readjudicated; no matter how factually erroneous the prior opinion may be. To readjudicate or rewrite the final prior opinion of this Court will, I fear, result in making a mockery of this Court's final decisions, which have passed "from the field of strife forever." See *Deramee v. State*, 379 S.W.2d 908 (Tex.Cr.App.1964); *Ex parte Mixon*, supra.

Because I believe that both of the Constitutions under which we live bar applicant's second assessment of a life sentence as an habitual offender on the same indictment

he was prosecuted under at the first hearing on punishment, I must respectfully dissent to this Court's majority denying the applicant, Girnus, relief. However, the approach the majority of this Court takes in denying Girnus relief truly makes a mockery of this Court's past final decisions. To such action of this Honorable Court, please show me dissenting twice.

ODOM, J., joins.