NORMA EUGENE LAMKIN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-265-CR

NORMAN EUGENE LAMKIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Norman Eugene Lamkin entered an open plea of guilty to a felony charge of forgery and pleaded true to two enhancement paragraphs in the indictment.  The jury sentenced appellant to eighteen years’ confinement and a $10,000 fine; appellant now appeals.  We will affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellate counsel’s brief discusses a potential ineffective assistance ground for appeal based upon trial counsel’s failure to move to suppress evidence seized from the taxicab that appellant hired to take him to the crime scene, but it ultimately concludes that this complaint is meritless.  Appellant has also filed a pro se brief, challenging in five points the State’s use of prior convictions and extraneous offenses and failure to disclose evidence allegedly favorable to him and trial counsel’s failure to request notice from the State of its intent to offer evidence of other crimes, extraneous offenses, wrongs, or acts
.

In his first point, Appellant contends that the State violated his due process rights by failing to disclose evidence favorable to him: a poor-quality copy of Appellant’s inmate fingerprint card supporting a prior felony conviction for robbery.  
See Brady v. Maryland
, 373 U.S. 83, 83 S. Ct. 1194 (1963).  Appellant argues that without proper fingerprints, this prior conviction—which served as the basis for one of the two enhancement allegations in the forgery indictment
—could not be linked to him and that the State therefore did not have sufficient evidence to prove this prior conviction beyond a reasonable doubt.  
See Ex parte Augusta
, 639 S.W.2d 481, 484-85 (Tex. Crim. App. 1982) (requiring the State to prove the existence of prior crimes used for enhancement purposes beyond a reasonable doubt).  Appellant argues that the failure to disclose the poor-quality fingerprint card to the defense before Appellant pleaded true to the enhancement paragraph prejudiced his defense and violated his due process rights.

Evidence is exculpatory if it negates a defendant’s guilt or mitigates the offense.  
Franks v. State
, 90 S.W.3d 771, 797 (Tex. App.—Fort Worth 2002, no pet.).  Because the State relied on other evidence in the record to establish  Appellant’s prior robbery conviction, the poor-quality fingerprint card is not exculpatory evidence.  While an inmate fingerprint card may serve as evidence of a defendant’s prior conviction, it must be supported by expert testimony identifying the fingerprints as identical with known prints of the defendant.  
Beck v. State
, 719 S.W.2d 205, 
209 (Tex. Crim. App. 1986)
.  The State provided no expert testimony linking the fingerprints in the prison record with Appellant, so the State could not have relied upon the inmate fingerprint card to serve as evidence of the prior robbery conviction.  
See id.
  However, fingerprint evidence is not the exclusive manner of proving prior convictions; a defendant’s prior conviction may also be proven through photographs 
and a detailed physical description of a named person 
contained in prison records when 
the defendant is present in court for the fact finder to compare his appearance with that person described in the prison records.  
Gollin v. State
, 
554 S.W.2d 683, 687 (Tex. Crim. App. 1977).  

In this case, State’s Exhibit 1, a pen packet containing 
records of the 1981 robbery conviction alleged in the indictment’s first enhancement paragraph, containes the poor-quality inmate fingerprint card of which Appellant complains.  State’s Exhibit 1 also contains a pair of photographs depicting Appellant's front and side view taken in 1981 and a description of the inmate, Norman Eugene Lamkin, a white male born July 23, 1963 in Honolulu, Hawaii, five feet four inches tall, 
with brown eyes and a ruddy complexion. 
 State’s Exhibit 7, a pen packet containing 
records of the 1999 drug conviction alleged in the indictment’s second enhancement paragraph, also contains front and side view photographs as well as a physical description of the inmate, Norman Eugene Lamkin, a white male born July 23, 1963 in Hawaii, five feet five inches tall, with brown eyes and ruddy skin tone.  With this evidence, 
the jury had the capability to compare the photographs contained in State’s Exhibits 1 and 7 with Appellant, who was present in the courtroom, and come to the conclusion that the photographs depicted Appellant.  
See id
.; 
see also Yeager v. State
, 
737 S.W.2d 948, 952 (Tex. App.—Fort Worth 1987, no pet.) (holding 
pen packet containing a detailed physical description and photographs
 sufficient to support jury’s finding of defendant’s prior conviction because jury could compare 
the defendant present in court to 
the contents of the pen packet). 
 
Because there was sufficient evidence before the jury to show that Appellant was the person convicted of the prior robbery offense alleged in the first enhancement paragraph, the poor-quality inmate fingerprint card could not have negated Appellant’s guilt as to this prior conviction and therefore was not exculpatory evidence that the State was required to disclose.  We overrule Appellant’s first point.

In his second, third, and fourth points, Appellant complains of the State’s use of his prior criminal record as well as allegations of extraneous acts and convictions that Appellant claims the State falsely attributed to him at trial. 
 
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1)(A); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  
Appellant acknowledges that his counsel did not object to this evidence at trial; indeed, the State’s exhibits containing records of Appellant’s prior convictions were admitted without objection, and Appellant even stipulated that he was the same person named in those documents.
(footnote: 2) 
 
Nevertheless, Appellant asserts that this evidence deprived him of a fair trial, thus constituting fundamental error that we may review even though the errors were not preserved.
  See
 
Tex. R. Evid.
 103(d).

If evidence is erroneously admitted at trial, the error is fundamental only when it has caused the defendant’s trial to be fundamentally unfair.  
Smith v. State
, 961 S.W.2d 501, 505-06 (Tex. App.—San Antonio 1997, no pet.).  
Even assuming that the trial court erroneously allowed the State to use this evidence, the improper admission of extraneous offenses does not 
constitute fundamental error.  
See id.
;
 see also Howard v. State
, 
453 S.W.2d 150, 151 (Tex. Crim. App. 1970)
 (holding that admission of evidence of convictions other than those alleged for enhancement is not fundamental error). 
 

Appellant also may not claim fundamental error to excuse his failure to preserve alleged error in the State’s arguments to the jury.  
Appellant complains that the prosecutor claimed in his opening argument that the evidence would show Appellant committed “two robberies back in ‘99”
 and that the prosecutor stated in his closing argument that Appellant was a “lifelong criminal” with “over 20 years of committing offenses.”  Evidence presented by the State revealed that Appellant committed the robberies in 1981, not 1999
, and the State’s evidence does not show that Appellant committed any crimes between 1981 and 1999.  Even assuming that the prosecutor’s statements constituted improper jury argument, 
it did not amount to fundamental error; because Appellant did not object at trial, it cannot be reviewed on appeal.  
See Cockrell v. State
, 
933 S.W.2d 73, 89 (Tex. Crim. App. 1996)
 (“[A] defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal.”), 
cert. denied
, 520 U.S. 1173 (1997).  

Finally, in his fifth point, Appellant asserts that his trial counsel’s failure to request that the State provide notice of its intent to offer evidence of other crimes, extraneous offenses, wrongs, or bad acts amounted to ineffective assistance.  Appellate counsel also raises ineffective assistance as a possible ground for appeal based upon trial counsel’s failure to
 move to suppress evidence seized from the taxicab that Appellant hired to take him to the crime scene.  
We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Appellant must show that
 his 
counsel’s performance was deficient; second, Appellant must show the deficient performance prejudiced his defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Strickland
, 466 U.S. 
at 690, 104 S. Ct. at 2066.  The second prong requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, that is, a trial whose result is reliable. 
 
Id.
 at 687, 104 S. Ct. at 2064.  In other words, Appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068. 
 
An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.

Here, on the first day of trial, Appellant’s trial counsel filed a motion for notice of extraneous offenses but did not secure a ruling on the motion.  We may not speculate on counsel’s reasons for not pursuing this motion, 
see Patterson v. State
, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.), and nothing in the record rebuts the presumption that counsel’s actions were based on a reasonable trial strategy.  
See Strickland
, 466 U.S. 
at 690, 104 S. Ct. at 2066. 
 Furthermore, to show that counsel’s failure to file a motion to suppress was deficient under 
Strickland
, Appellant was obliged to prove that a motion to suppress would have been granted.  
See Roberson v. State
, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (holding that without a showing that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel is not ineffective for failing to assert the motion).  
To prevail on a motion to suppress, Appellant would have had to produce evidence that defeated the presumption of proper police conduct.  
See Jackson v. State
, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).  Appellant does not point us to any such evidence in the record.
  
Because the record does not affirmatively demonstrate that counsel’s actions of not obtaining a ruling on the pretrial motion and not filing a motion to suppress were due to counsel's ineffectiveness, we overrule Appellant’s fifth point.  
See Thompson
, 9 S.W.3d at 813.

When appellate counsel avers that 
any appeal would be frivolous and files a motion to withdraw
, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Mays
, 904 S.W.2d at 923. 
 Appellant entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, potential error occurring before Appellant’s plea that supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004).  The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  
Additionally, the written plea admonishments, the colloquy between the trial court and Appellant at the plea hearing, and Appellant’s written waiver indicate that Appellant’s guilty plea was made freely and voluntarily.

Pursuant to Appellant’s pretrial election, a jury heard evidence on punishment and sentenced Appellant to eighteen years’ confinement and a $10,000 fine. 
 This sentence is within the punishment range provided for by law.  
See
 
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003), § 12.42(a)(2) (Vernon Supp. 2004-05).
 

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, having overruled all Appellant’s points on appeal, we grant counsel’s motion to withdraw and
 affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Appellant does maintain that counsel objected to questions the State posed to defense witnesses regarding prior offenses that Appellant claims were falsely attributed to him.  But counsel objected to these questions on the ground that they had already been “asked and answered,” not that the evidence of extraneous offenses was inadmissible.  
This objection preserves only the specific ground cited, “asked and answered,” not the extraneous-offense ground that Appellant now asserts on appeal. 
See
 
Tex. R. App. P.
 33.1(a)(1)(A); 
Mosley,
 983 S.W.2d at 265
.