Joseph Edward DAVIS, Appellant,

v.

The STATE of Texas, State.

No. 2-82-089-CR.

Court of Appeals of Texas, Fort Worth.

April 6, 1983.

Discretionary Review Refused July 20, 1983.

Ronald G. Couch, Euless, for appellant.

Tim Curry, Dist. Atty. and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for State.

Before ASHWORTH, BURDOCK and SPURLOCK, JJ.

## OPINION

ASHWORTH, Justice.

Appellant was found guilty of burglary, found to be a habitual criminal, and sentenced to life imprisonment in the Texas Department of Corrections.

We affirm.

Wayne Allen and Kenneth Graham were employed by the Water Department of the City of Fort Worth. On March 4, 1981, they checked in for work, and then left from the "bull pen" since there was no immediate assignment for them. They went to the home of appellant and the three then drank a six pack of beer. Graham testified Allen and appellant left in Graham's pickup and were gone most of the day, and that later that day Graham found his pickup disabled and sitting in the middle of a street. Allen testified that he and Graham left appellant's house in Graham's pickup and burglarized the home of James Harris, a company employee.

Nancy Frances Scherzer, a neighbor of Harris, testified that she saw two men in a dirty white pickup at Harris' home, and that furniture from the home was loaded into the pickup. She testified she could not identify either man, but that the passenger was black. Raymond N. Miller testified that he was a neighbor of Harris and lived across the street and one house down from the Harris residence. Miller testified he saw appellant raise the Harris garage door; a dirty white pickup was driven into the

garage by another man; and then the garage door was closed. Miller identified Wayne Allen from a group of about five pictures shown him in March, 1981, and identified appellant from another group of about five pictures shown him on May 12, 1981. Miller also identified appellant in court as being the person he saw at the Harris home.

Appellant's first ground of error is that he was entitled to a new trial because the State failed to produce the pictures used in the photographic line-ups when the same were being challenged as impermissibly suggestive.

C.D. Mayo testified he was a detective in the Fort Worth Police Department. That the photographic line-up procedures in appellant's case were not the usual procedure because appellant had already been arrested. That Mayo used polaroid pictures obtained from other officers for the line-up rather than "mug shots". That when shown the pictures, Miller made an immediate, positive identification of appellant. When called upon by appellant to produce the pictures used in the photographic line-ups, Mayo testified he could not find them and could not account for their disappearance. All he could produce were Xerox copies of the photographs which are of little assistance.

■ The granting of a new trial is within the sound discretion of the trial court and will not be disturbed unless there is a clear showing of abuse of that discretion. *Sandoval v. State,* 151 Tex.Cr.R. 430, 209 S.W.2d 188 (Tex.Cr.App.1948); *Beal v. State,* 520 S.W.2d 907 (Tex.Cr.App.1975). V.A.C.C.P. art. 40.03(5) provides that a new trial shall be provided where written evidence, tending to establish the innocence of the defendant, has been intentionally destroyed or removed so that it could not be produced upon the trial. There is no evidence in this case that the pictures used were intentionally destroyed or removed. Mayo candidly testified he could not account for their disappearance, and produced the best he said he had, the Xerox copies of the pictures. Miller's identifica-

tion of appellant was independent of any pretrial procedure. Miller did testify that one of the pictures was of a person about 49 years of age; Mayo testified all the pictures were of persons in their twenties (appellant's approximate age). We hold this inconsistency is not such as to render Miller's identification inadmissible. When the identification testimony is of an independent origin apart from any pretrial identification procedure, the State's inability to produce a set of photographs has no adverse effect on the admissibility of the identification testimony. *Van Byrd v. State,* 605 S.W.2d 265 (Tex.Cr.App.1980). There was no abuse of discretion by the trial court in denying the motion for new trial.

■ Appellant's second ground of error is that the court erred in overruling the defendant's motion to suppress the photographic line-up as the line-up was impermissibly suggestive.

We have previously mentioned the discrepancy in the testimony of Miller and Mayo on the age of the person in one of the pictures. Miller also testified that the person observed had a little mustache and some peach fuzz, while one picture shows a black male with full beard and afro haircut. We hold that these inconsistencies are not of sufficient gravity to render the line-up impermissibly suggestive. In addition, Miller's testimony was admissible under the holding in *Van Byrd v. State, supra.* Appellant's second ground of error is overruled.

■ Appellant's third ground of error is the allowance into evidence of gross hearsay relating to the guilt of a person alleged to be with the defendant at the crime scene.

In questioning Harris about Wayne Allen, the prosecutor asked "Did you specifically ask him about the burglary?" Over objection, Harris answered "I asked him again if he had stole my furniture and he told me yes and he would take me where it was." Allen had earlier entered a plea of guilty to the burglary in question and had been sentenced to five years confinement, probated. The record reveals that Allen

was called as a witness later by appellant, and questioned extensively about his participation in the burglary.

If there was any error in the question and answer of Harris concerning the statement of Allen, it was rendered harmless when Allen was called as a witness by appellant and asked essentially the same question. *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980). Appellant's third ground of error is overruled.

■ Appellant's fourth ground of error is that the court erred in refusing to grant a new trial on the basis that the State failed to rebut the testimony of a co-defendant whose testimony cleared the defendant, as the verdict was contrary to the law and evidence. The basis for this ground of error is the testimony of Wayne Allen who was called as a witness by appellant. As noted above, Allen had previously entered a plea of guilty to the burglary in question. At his own trial, Allen testified that he committed the burglary alone. In the instant trial, Allen testified that he and Kenneth Graham committed the burglary, and that appellant was not involved.

Appellant contends this testimony by Allen put a burden on the State to show that it was false. Appellant cites *Huff v. State,* 492 S.W.2d 532 (Tex.Cr.App.1973) in support of his contention. In *Huff v. State, supra,* a Houston resident parked her 1962 Catalina Pontiac at her home on the evening of December 12, 1970, and the next morning the car was gone. Huff was stopped by a California highway patrolman in Bakersfield, California, on February 7, 1971, for a traffic violation. The patrolman had a stolen car check run, and the car driven by Huff was the one reported stolen in Houston. The patrolman testified Huff told him he had purchased the automobile, paying $100.00 down and owing $75.00. Olivia T. Calhoun testified she was with Huff when he was arrested, that she and Huff were in Pampa, Texas, from December 10 through December 14, 1970. She testified that she and Huff purchased the car in Los Angeles from Charles Bell, with her money, but that the receipt was mis-

placed. Huff's conviction was reversed, the court holding that the presumption of guilt from unexplained possession of recently stolen property falls in the face of a reasonable explanation of possession, and it then becomes the burden of the State to show the explanation was false. We fail to see how the holding in *Huff v. State, supra,* applies to this case. This is not a case involving unexplained possession of recently stolen property. In this case the neighbor, Miller, identified appellant as being an occupant of the pickup driven into the Harris garage, which was used to carry off Harris' furniture. Allen admitted he testified at his trial that he was alone when the burglary was committed, but in the instant trial testified that Kenneth Graham, not appellant, committed the burglary with him.

The instant case presents the determination of the credibility of a witness who presents conflicting testimony. This determination is clearly within the province of the jury who chose not to believe Allen, who admitted he had previously testified falsely. The sufficiency of the evidence must be viewed in the light most favorable to the verdict. *Penagraph v. State,* 623 S.W.2d 341 (Tex.Cr.App.1981). Appellant's fourth ground of error is overruled.

■ Appellant's fifth ground of error complains of an assistant district attorney being allowed to testify as to the meaning of State's Exhibits 2 and 3. State's Exhibits 2 and 3 were penitentiary packets concerning two prior felony convictions of the appellant. The testimony of the assistant district attorney identified for the jury the contents of the packets. Appellant contends this testimony constitutes bolstering of the exhibits. Bolstering occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Pless v. State,* 576 S.W.2d 83 (Tex.Cr.App.1978). The witness was permitted to testify over objection that he saw nothing out of the ordinary in either of the pen packets; the remainder of his testimony had to do with just describing the various documents in the packets. Such

**384**

testimony does not bolster the evidence, it merely identifies it.

Appellant's fifth ground of error is overruled.

Appellant's sixth and final ground of error complains of the jury being allowed to take State's Exhibits 2 and 3 into the jury room since the assistant district attorney had literally read the entire exhibits to the jury.

After the jury began its deliberations, the foreman sent a note to the trial judge asking that State's Exhibits 1, 2, and 3 be furnished to the jury. The exhibits were furnished over appellant's objection. The jury has the right to examine in the jury room any exhibits that have been correctly admitted into evidence, if the jury asks for such exhibits. *Dyba v. State,* 549 S.W.2d 178 (Tex.Cr.App.1977).

Appellant's sixth ground of error is overruled.

Judgment affirmed.

FENDER, J., not participating.