**Lynn Edward GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–83–037–CR.

Court of Appeals of Texas, Beaumont.

Sept. 7, 1983.

Ronald J. Schaffer, Lufkin, for appellant.

Gerald Goodwin, Dist. Atty., Lufkin, for appellee.

OPINION

BROOKSHIRE, Justice.

Lynn Edward Gray appeals from murder conviction and jury assessed punishment at ninety-nine (99) years.

The first ground of error avers that the trial court committed error by admitting evidence that the appellant had stolen the victim's wallet and automobile in violation of the rule against evidence of extraneous offenses.

■ The sufficiency of evidence to sustain and support the conviction of murder is not challenged. The thefts of the wallet and the automobile of the deceased were

shown to have been committed at the mobile home in the community of Hudson in Angelina County. The murder took place inside the mobile home. The record forthrightly demonstrates that these offenses were a part of one continuous transaction. The thefts were so blended and so intertwined with the murder that proof of all such facts was proper. *Archer v. State,* 607 S.W.2d 539 (Tex.Cr.App.1980); *Welch v. State,* 543 S.W.2d 378 (Tex.Cr.App.1976); *Johnson v. State,* 510 S.W.2d 944 (Tex.Cr. App.1974).

▪ Evidence of the thefts is admissible on additional grounds to show the surrounding circumstances in which the murder or the major criminal act occurred. Hence, this evidence is termed the "res gestae" under reasoning that events do not occur in a vacuum; and, the jury ought to hear what occurred immediately prior and also subsequent to the criminal offense so that it can realistically evaluate the evidence. *Archer v. State, supra; Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972).

Further, no objection was made to evidence of the thefts on the basis of being an extraneous offense. The appellant in his brief points out twelve places in the record concerning evidence or testimony of either the theft of the wallet or the theft of the automobile of the deceased. The trial court had no opportunity to rule upon the admissibility of such evidence in the light of an extraneous offense objection.

▪ An appropriate, proper, and specific objection is necessary to preserve any error for review on appeal in these circumstances. *Smith v. State,* 595 S.W.2d 120 (Tex.Cr.App. 1980). The Court of Criminal Appeals has held in a number of cases that the failure to timely object specifically waives error in admission of evidence which tends to show an extraneous offense. *See Von Byrd v. State,* 569 S.W.2d 883 (Tex.Cr.App.1978); *Chambers v. State,* 568 S.W.2d 313 (Tex.Cr. App.1978); *Smith v. State, supra.* Ground of error number one is overruled.

Ground of error number two is:

"The trial court committed reversible error when it failed to instruct the jury through its charge on the law as it relates to the use of evidence of an extraneous offense in a criminal trial."

▪ Upon a careful analysis of the record, we find that the theft offenses and the murder offense constitute one continuous transaction and that the theft offenses are so closely interwoven with the murder offense that proof of all such facts and offenses, because of their interrelationship, is proper. Also, we find and hold that the theft of the wallet and the automobile were a part of the "res gestae" of the murder and, therefore, the trial court did not commit error in overruling Gray's objection to the absence of an extraneous offense charge to the jury. It is not necessary to give a limiting instruction on the extraneous offenses which are part of the same transaction as the primary offense or constitute a part of the "res gestae" of the offense for which the accused is on trial. *Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App. 1979). Appellant's second ground of error is disallowed.

Affirmed.