Gene Dewayne SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–01501–CR.

Court of Appeals of Texas,
Dallas.

Feb. 28, 1985.

John H. Hagler, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

STEPHENS, Justice.

Appellant appeals from a conviction for burglary of a habitation, enhanced by a prior felony conviction. Punishment was assessed by the court at forty years confinement. Appellant contends in his sole ground of error that the evidence was insufficient to support a true finding of the enhancement paragraph. We agree. Consequently, we remand the case to the trial court for resentencing only.

The indictment in the instant cause alleged burglary with intent to commit rape. The charge was enhanced with a prior felony conviction for attempted aggravated rape. The appellant elected to have the trial court assess punishment; upon return of the guilty verdict, the jury was discharged. The trial court then recessed for approximately two weeks so that a pre-sentence investigative report could be prepared.

When the Court reconvened for sentencing, the following transpired:

DECEMBER 16, 1983

THE COURT: What was that offense in Sherman?

THE DEFENDANT: Burglary of a habitation. ·

THE COURT: Burglary of a habitation?

THE DEFENDANT: Yes, sir.

THE COURT: Was it tried—

THE DEFENDANT: Yes, sir.

THE COURT: —in front of a jury?

THE DEFENDANT: Yes, sir.

THE COURT: And you had a court-appointed lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: That case is on appeal?

THE DEFENDANT: Yes, sir.

THE COURT: How much time did they give you up there?

THE DEFENDANT: Five.

[DEFENSE COUNSEL]: He told me this was for something that happened in '79 before he went down on the case he went for. They bench-warranted him back from TDC to go to trial on the '79 case which happened before he even got his first conviction.

He says that the lawyer up there tells him it's almost certainly going to be reversed, because there were some problems with the indictment that they charged him with one thing and tried him on something else.

THE DEFENDANT: There were quite a few errors in it.

[DEFENSE COUNSEL]: Quite a few technical errors in the procedure, so—

THE COURT: What's your back time? How long have you been in jail?

THE DEFENDANT: I was arrested July 25th.

THE COURT: July 25th?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Dewayne, *I have discussed this case with your lawyer and read your file, talked to the prosecutor about the case. The Court feels because of your extensive history I will sentence you to 40 years in the penitentiary.* Your sentence will begin the 20th of July, 40 years. [Emphasis added].

(Whereupon the proceedings in this cause were concluded.)

Appellant contends that because the trial judge commented that the sentence was based on his criminal history, reversal is required since no evidence was ever offered regarding the enhancement allegation. No plea was ever entered regarding enhancement nor was the indictment alleg-ing enhancement read in open court. Nonetheless, the judgment recites that:

"all of the allegations set out in the second paragraph of the indictment charging a final conviction for the offense of ATTEMPTED AGGRAVATED RAPE *are true, as found by the Court,* and that he be punishment [sic] by confinement in the Texas Department of Corrections as a 1st degree felony for 40 years."

We begin our analysis by noting that the failure to read the enhancement portion of the indictment or receiving his plea are not required by either TEX.CODE CRIM. PROC.ANN. art. 36.01 or 37.07 (Vernon Supp.1984). However, in *Reed v. State,* 500 S.W.2d 497, 499 (1973), Presiding Judge Onion observed "such is the better and accepted practice."

In *Ex parte Augusta,* 639 S.W.2d 481, 485 (1982), the Court held that during the punishment stage of a trial in which an enhancement allegation is included the State must prove its case against a defendant. Hence, the State has the burden of proving "the defendant on trial is in fact the same defendant named in ... the alleged felony convictions." 639 S.W.2d at 484. Furthermore, Judge Teague noted: "Failure to prove all of these facts *will nullify the punishment hearing ....* If the hearing was before the trial court, and there was error, then the defendant will only be entitled to a new punishment hearing." 639 S.W.2d at 484 (emphasis added).

■ In the instant situation there was no evidence presented regarding the enhancement paragraph. Therefore, we hold the evidence insufficient to support the judgment regarding enhancement only. We now must determine whether reformation is possible or whether retrial on punishment is required.

■ In *Augusta* the Court held the double jeopardy protection of the Fifth Amendment to the United States Constitution prohibited relitigation of enhancement allegations reversed for insufficiency of evidence. *See Burks v. United States,* 437 U.S. 1, 98

S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). Therefore, the enhancement allegation must not be considered viable for resentencing.

 We recognize that the forty years assessed as punishment was well within the time allowed for a first degree felony conviction. TEX.PENAL CODE ANN. sec. 12.32 (Vernon 1984). However, the affirmative finding in the judgment regarding the enhancement paragraph contained in the indictment along with the comments made at trial casts doubt on whether the sentence was made only upon the burglary conviction. We therefore remand the cause to the trial court for resentencing only, in accordance with this opinion.