Kenneth Ray HASKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–0226–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 5, 1987.

J. Phillip Scardino, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough, Gaynelle Jones, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

The jury found the appellant guilty of aggravated robbery. He pled true to an enhancement allegation, and the trial court assessed punishment at 50 years confinement. In one point of error, he asserts that the trial court erred in permitting an in-court identification because it was tainted by pretrial identification procedures.

After being robbed in her home, the complainant told the police that she suspected that her grandson, who was staying with her and her husband at the time, was involved in the robbery. The police spoke with and eventually charged the complainant's grandson with the robbery. Also, after speaking with the complainant's grandson, a police officer interviewed the appellant and obtained a photograph of him. A police officer showed the complainant the photo of the appellant, along with photographs of five other suspects. She identified the appellant, but said that she was 50% sure that he was her assailant.

Two days later, the appellant was placed in a line-up at which his attorney was present, and the complainant again identified him as her robber.

The appellant filed his motion to suppress the identification. The trial judge conducted a hearing out of the jury's presence, and denied the motion after finding nothing suggestive in the pretrial identification procedure.

Appellant argues that the photospread was suggestive because the suspects in the photographs were not assembled according to the complainant's original description. He asserts that none of the men in the photographs had mustaches or facial features similar to his own. He further stated that only two days after the complainant viewed the photospread, appellant appeared in a line-up in which he was the tallest, heaviest, youngest person, and the only one that appeared in both the photospread and line-up.

The photospread consisted of six color photographs of dark-haired, dark-skinned men, all of whom were in their 20's. All the men wore hats. An investigating police officer testified that the complainant described her assailant as a black male in his 20's, approximately six feet tall, dark complexion, and with a slight amount of facial hair. The photographs were shown to the complainant at her residence. The officer testified that he did not tell the complainant that he believed her robber was in the spread. The officer further testified that he did not individually hand the photos to the complainant, but laid them out on a table, where the complainant looked at the photos for two or three minutes before she identified the appellant.

Appellant's motion to suppress challenged only the photospread, and not the line-up, as being impermissibly suggestive. It is a well settled rule that the objection at trial must comport with the objection raised on appeal. *See Crocker v. State*, 573 S.W.2d 190, 205 (Tex.Crim.App.1978). The State correctly observes that appellant's trial objection to the photospread does not comport with his objection on appeal that attacks the line-up procedure.

The two-part test laid down in *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), to challenge pretrial identification procedures, is that first, the photographic display itself must be impermissibly suggestive; next, it must give rise to a very substantial likelihood of irreparable misidentification. *Limuel v. State,* 568 S.W.2d 309, 312 (Tex.Crim.App. 1978). To determine whether a photographic display itself is impermissibly suggestive, thus tainting the in-court identification, the court should examine the totality of the surrounding circumstances. *Id.*

■ Appellant complains that the only characteristic that was similar to the complainant's description was his mustache, and only two of the men in the photospread had facial hair. In *Davis v. State,* 649 S.W.2d 380 (Tex.App.—Fort Worth 1983, pet. ref'd), the suspect was described as having a little mustache and some peach fuzz, while one of the photos showed a man with a full beard and afro haircut. The court held that these inconsistencies were not of sufficient gravity to render the line-up impermissibly suggestive. *Id.* at 382. Contrary to appellant's observation, we have viewed the photospread and note that several of the men had facial hair resembling a mustache. We find no validity to this complaint.

■ Assuming that appellant properly raised and preserved a challenge to the line-up, we have viewed the photograph of the line-up and conclude that it was not impermissibly suggestive. Appellant complains that he was the tallest, heaviest, youngest suspect in the line-up, and the only one who had been in the photospread two days earlier. In *Buxton v. State,* 699 S.W.2d 212, 216 (Tex.Crim.App.1985), the court said, in regards to appellant's contention that the participants in the line-up did not possess physical characteristics similar to him, that while the better practice may be to get as many individuals as possible who fit the description, it is not essential that all the individuals be identical and neither due process nor common sense requires such exactitude. The Court of Criminal Appeals, in *Turner v. State,* 600 S.W.2d 927, 932 (Tex.Crim.App.1980), rejected appellant's complaint that a line-up which consisted of five persons, two of whom had beards and who were not physically close to the appellant in size and hair color, was impermissibly suggestive.

*Foster v. California,* 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), upon which defendant relies is not dispositive. In *Foster,* the defendant was six feet tall, while the other two men in the line-up were approximately five feet five inches. The defendant was dressed in clothing that resembled what the suspect was wearing. When the witness could not positively identify the defendant, he was brought in for a one-on-one confrontation. The police then conducted a second line-up which consisted of five men. The defendant was the only person who was in both the line-ups.

In the present case, all the suspects in the line-up were black men approximately six feet tall. There is no allegation that the appellant's clothing was suggestive, nor did the police conduct a one-on-one confrontation that singled out the appellant.

■ Even if the pretrial identification procedures were impermissibly suggestive, the appellant fails to show that there was a likelihood of irreparable misidentification. There is no reversible error due to a substantial likelihood of misidentification, when there was a distinct observation at the time of the event which, in light of the surrounding circumstances, can be considered credible enough to serve as an independent origin for the in-court identification. *Limuel* at 313. To determine whether the in-court identification is of an independent origin, the factors are: (1) a prior opportunity of the witness to observe the criminal act; (2) the existence of any discrepancy between any pre-line-up description and the actual appearance of the accused; (3) any identification prior to line-up of another person; (4) the identification by picture of the defendant prior to the line-up; (5) failure to identify the defendant on a prior occasion; and (6) the lapse of time between the alleged act and the line-up

identification. *Thompson v. State*, 480 S.W.2d 624, 627 (Tex.Crim.App.1972).

The complainant testified that during the robbery she observed the appellant in broad daylight in her home, in her car as she drove the appellant to her bank, and at the convenience store for at least five minutes. Shortly after the incident, she described the appellant's appearance in detail to the police, and did not deviate from her description at any stage of the proceedings. Further, the complainant testified that her in-court identification was not based on the photospread. The court held in *Holloway v. State*, 691 S.W.2d 608, 615 (Tex.Crim. App.1984), that the alleged taint of the witness' in-court identification of the defendant by an improper pretrial photo show-up was completely removed by the witness' testimony that her in-court identification was based solely upon her recollection during the robbery. There was a distinct observation at the time of the event that, in light of the surrounding circumstances, could be considered of an independent origin. *See also Evans v. State*, 643 S.W.2d 157, 159–160 (Tex.App.—Austin 1982, no pet.) (victim's in-court identification was positive and independent of the photographic array, when the victim observed the robber at close range and in broad daylight for two or three minutes, described the robber's appearance in detail and did not deviate from her description). We find no merit to the appellant's allegation that the photospread or line-up was impermissibly suggestive.

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.