Marvin Dean ALRIDGE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–00559–CR.

Court of Appeals of Texas, Dallas.

June 2, 1987.

Rehearing Denied July 6, 1987.

Ronald D. Hinds, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before STEPHENS, HECHT and McCRAW, JJ.

McCRAW, Justice.

Marvin Dean Alridge, Jr. was convicted of burglary of a habitation. Punishment, enhanced by two prior felony convictions, was assessed at fifty years' penitentiary confinement. In his first point of error, appellant contends that the evidence is insufficient to support the first enhancement paragraph. We agree, and find the enhancement evidence insufficient to support either paragraph.

At trial, appellant objected to evidence of the prior conviction as follows: "I object to 84–72782 which alleges an unauthorized use of a motor vehicle in that the court will notice in Defendant's No. 1, that particular case was a—purports to be a—purports to be a plea of guilty on an information and affidavit in the file. The court will note that the affidavit and information is dated March 16, 1984, but—and that it also purports to have had a plea entered into on this matter by the person named as the Defendant on March 4, 1984 and I would object to the judgment. It's not—is not valid in that there is not a due and legal conviction in that I don't believe that a person could have confessed to things not alleged at the time."

We can find no reference in the record to a plea entered on March 4, 1984. Instead, we find references that state the offense was committed on March 4, 1984. Even if appellant's contention were correct, this would be a prohibited collateral attack on the sufficiency of the evidence to support the prior conviction. *Owens v. State*, 540 S.W.2d 324, 325 (Tex.Crim.App.1976).

In examining the record with reference to appellant's above contentions, we noted serious deficiencies with the sufficiency of the enhancement proof. There are several acceptable methods to prove the prior criminal record of a defendant. These include: (1) testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him; (2) stipulation or judicial admission of the defendant that he has been so convicted; (3) introduction of certified copies of the judgment and sentence and record of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant; and (4) comparison by the fact finder of a record of conviction which contains photographs and a detailed physical description of the named person, with the appearance of the defendant, present in court. *Lyle v. State*, 669 S.W.2d 853, 855–56 (Tex.App.—Corpus Christi 1984, no pet.). These methods are not the exclusive methods of proving prior convictions. *Littles v. State*, 726 S.W.2d 26, 31 (Tex.Crim.App. 1987); *Beck v. State*, 719 S.W.2d 205, 210 (Tex.Crim.App.1986). The State must, however, meet its burden of proving that the person named in the prior convictions is the same person as the defendant in the instant case. *Elizalde v. State*, 507 S.W.2d 749, 752 (Tex.Crim.App.1974); *see also Ex parte Augusta*, 639 S.W.2d 481, 484 (Tex. Crim.App.1982).

This indictment contains two enhancement paragraphs. The first paragraph alleges that appellant had been convicted in cause number F84–72782–TU of the felony offense of unauthorized use of a motor vehicle. The second paragraph alleges a lawful conviction for aggravated assault in cause number F81–12293–MU. Appellant pleaded not true to both paragraphs.

The State did not offer a "pen packet," but to prove the allegations of the two enhancement paragraphs, it offered into evidence Exhibit 4, Exhibit 6 and Exhibit 7. Exhibit 4 consisted of an affidavit and information charging one Marvin Dene [sic] Aldridge [sic], Jr. with unauthorized use of a motor vehicle, and a judgment declaring him guilty as charged and sentencing him to three years' penitentiary confinement. The cause number of the judgment is F84–72782. These documents are certified by the clerk of the Dallas County District Courts. Exhibit 6 consisted of an indictment charging one Marvin Dean Alridge with aggravated assault and a judgment declaring him guilty as charged in the indictment and sentencing him to five years' penitentiary confinement. The cause number on the judgment is F81–12293. These documents are also certified by the District Clerk. There are no fingerprints on either judgment.

Exhibit 7 was a fingerprint card, dated the day of trial, and initialed by Max Chester, who testified that the fingerprints on the card were those of the defendant, taken fifteen minutes before Chester testified. Chester then compared these fingerprints to right index finger prints on "some official records of Dallas County Jail."

Exhibit 8(a), called a jail book-in sheet by Chester, lists appellant's name and under a column entitled "indictment" is written the number F84–72782. This number matches the number on the judgment in Exhibit 4 and in the first paragraph of the indictment. In the lower right hand corner of the document, there is a fingerprint under the heading "At Release." Exhibit 8(a) was offered and admitted for the limited purpose of inclusion in the record.

Exhibit 9(a), called a jail card, lists appellant's name and states he is "eligible for trusty." There is no offense listed, no indictment number, and states at the bottom that it is page 2 of 2. There is no page 1 in our records. In the lower right hand corner of this exhibit, there is also a fingerprint under the heading "At Release." When asked whether the cause number in the second paragraph of the indictment and in Exhibit 6, F–81–12292–MU, matched a cause number on the official jail records, Chester testified, "Okay, here is Cause Number F–81–12293–MU and here in my records it is F–81–12293–MU." It is unclear whether "my records" refers to Exhibits 8(a) or 9(a), but we are unable to find this number in either exhibit. There are no other records before us. Exhibit 9(a) was also offered and admitted only for record purposes.

Chester testified that the fingerprints he took of appellant matched the fingerprints on Exhibits 8(a) and 9(a). There is no evidence, however, that in fact or in practice the fingerprints on these exhibits were those of the person named in these records. In other words, there is no evidence that the person whose fingerprints appear on the jail records is the same as the person named in the records. Chester did not testify, as did the witness in *Daniel v. State*, 585 S.W.2d 688, 689 (Tex.Crim.App. 1979):

> it is the normal course of business in "booking-in" jail inmates for the Sheriff's office to preserve on a "jail card" the name and brief description of the person, the charge against him and "any number pertaining to that charge." Thereafter, the jail card goes to the Identification Bureau where the person's right index fingerprint is placed on the card. When the person is released from jail, another right index fingerprint is placed on the card "to assure that the same person that entered the jail is the same person that left."

Absent such testimony, there is no proof that the fingerprints on the cards are those of the person named on the cards.

Further, the jail cards, Exhibits 8(a) and 9(a), were admitted for record purposes only:

[Prosecutor]: Your Honor at this time we would offer State's Exhibit No. 8(a) and 9(a) for record purposes only.

[Defense Counsel]: May I have those documents, your Honor? May we approach the bench?

THE COURT: Yes, sir.

[Defense Counsel]: I withdraw my—well I have no objection, as they are being admitted for record purposes only.

THE COURT: The Court admits into evidence State's Exhibit No. 8(a) and 8(b) (sic) for record purposes only.

These exhibits were not proffered for any other purpose. The jury could not have properly considered these exhibits in determining that the enhancement paragraphs were "True." Only exhibits admitted into evidence shall be furnished to the jury. Tex.Code Crim.Proc.Ann. art. 36.25 (Vernon 1981); *Davis v. State*, 649 S.W.2d 380, 384 (Tex.App.—Fort Worth 1983, pet. ref'd). We cannot, therefore, assume that in looking at the jail cards the jury concluded that the fingerprint must be that of the person named on the card.

The State has failed to connect the conviction alleged in the second paragraph of the indictment to either of the fingerprinted jail cards, and has failed to establish that the fingerprints on the cards are those of the person convicted for the offenses as alleged in the first and second paragraphs of the indictment. Chester's testimony that the fingerprints on the jail cards match those of appellant taken at trial is insufficient to prove that the person named in the prior convictions is the same person as the appellant.

The State offered no documents including photographs or physical descriptions from which the jury could determine that the person named in the prior convictions is the same person as the defendant in the instant case. *See, e.g., Littles*, at 32. In a hearing outside the presence of the jury, the State informed the judge that the court reporter present during appellant's conviction for unauthorized use of a motor vehicle, the conviction alleged in the first enhancement paragraph, was "right across the hall" and could testify. This testimony of a person who could identify appellant as the person previously convicted could have cured the deficiencies. *See, e.g., Ward v. State*, 505 S.W.2d 832, 837 (Tex.Crim.App.1974). The State, however, never called the court reporter to testify.

Because the evidence is insufficient to prove the two prior convictions as alleged in the indictment, this case is reversed and remanded. The State is prohibited from again attempting to use in any fashion the alleged prior felony convictions in cause numbers F84–72782–TU and F81–12293–MU for the purpose of enhancing appellant's punishment at a new trial for this primary offense. *See Jones v. State*, 711 S.W.2d 634, 636 (Tex.Crim.App.1986); *Cooper v. State*, 631 S.W.2d 508, 514 (Tex. Crim.App.1982).