**Joseph Leroy WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–225 CR.**

Court of Appeals of Texas, Beaumont.

Aug. 30, 1989.

Douglas M. Barlow, Beaumont, for appellant.

John R. DeWitt, Beaumont, for State.

## OPINION

BURGESS, Justice.

A jury convicted appellant of possession of cocaine and assessed punishment at four years in the Texas Department of Corrections and a fine of $3,000.00. Appellant brings forth three points of error.

■ The first point of error complains the trial court erred in admitting evidence of extraneous offenses. Appellant's initial complaint is not with the admission of any evidence, but with the prosecutor's opening statement concerning the anticipated testimony of a police officer. The officer later testified there were two "crack" houses on the street he was patrolling. He had personal knowledge that cocaine had been found in the houses and had seen, through surveillance, a particular pattern of people coming to the houses and going in or to a side window to make drug transactions. The officer never indicated that appellant had been previously involved with the "crack" houses nor any other criminal activity. The officer's testimony was relevant to set the stage for the jury. Events do not occur in a vacuum. *Gray v. State*, 658 S.W.2d 786 (Tex.App.—Beaumont 1983,

no pet.). The jury was entitled to know that appellant was in an area of known drug activity and that he was coming from a specific area of known drug transactions. Point of error number one is overruled.

■ The next point of error alleges error when the prosecutor argued, at punishment, that appellant was a drug deliverer. The complained of argument:

"Have him explain to you why somebody with a drug prior and somebody with assaultive-type priors, somebody that you heard from the testimony, originally, at the first part of the trial, somebody that's a drug runner—

"*[DEFENSE COUNSEL]:* Your Honor, I object. That's a misstatement of the testimony, and I would request that the jury be instructed to remember the testimony.

"*THE COURT:* Yes, sir. The Jury is so instructed. Your objection is overruled. Go ahead.

"*BY [PROSECUTOR]:*

"That somebody who delivers drugs and jogs through—

"*[DEFENSE COUNSEL]:* Your Honor, again, I object to the use of term 'delivery of drugs.'

The defendant was convicted of Possession of Cocaine, not—

"*THE COURT:* Sustained.

"*[DEFENSE COUNSEL]:* Ask the jury to be instructed that remark.

"*THE COURT:* The jury is so instructed.

"*[DEFENSE COUNSEL]:* Move for a mistrial, Your Honor.

"*THE COURT:* Denied, [Defense Counsel]."

We believe the argument was improper. There is an obvious legal difference between one who possesses an illegal substance for his own use and a person who delivers or "runs" drugs. Not only is there a legal difference, there is a difference in the public's mind. The public views a drug dealer or drug pusher or drug runner differently than a drug user. The former is intending to prey on the ignorance and/or weakness of others, while the latter only

abuse their own selves. Consequently, the public generally (and they should) metes out harsher punishment for drug dealers. Therefore, if a prosecutor can make any kind of inference to a jury that a possessor is really a dealer, then there is a likelihood the punishment will be increased.[1] Here the court properly instructed the jury to disregard the improper argument. We believe this sufficient to cure any error or harm. *Johnson v. State,* 698 S.W.2d 154 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). This point of error is overruled.

■ The final point of error complains of the following jury argument at the punishment stage:

"But if you say, 'No, this man has had a chance. He's been in the System a couple of times, a couple of times now. He's been in prison twice. These three all ran at the same time.

"*[DEFENSE COUNSEL]:* Your Honor, I object. He said he's been in prison twice.

"*THE COURT:* Sustained.

"*[DEFENSE COUNSEL]:* Ask that the jury be instructed to disregard that.

"*THE COURT:* So instructed.

"*[DEFENSE COUNSEL]:* Move for a mistrial, Your Honor.

"*THE COURT:* Denied.

"*[PROSECUTOR]:* His sentence was for two different occasions, thirty days and ninety days and you look at those.

"It gives you an idea, just like when you see your child do something wrong the first time, you punish them one way. You see them do something wrong a second time your punishment is probably not the same, and when you get here on the third day, on the third time around, you say, 'Hey, wait a minute.' ..."

The State had introduced evidence that appellant had served jail sentences prior to this conviction. After the court's instruction, the prosecutor clearly referred to thir-

ty and ninety day sentences. This, coupled with the court's instruction was sufficient to cure any error. *Johnson, supra.* This point is likewise overruled. The judgment is affirmed.

AFFIRMED.

---

1. We do not infer this was the motive of the prosecutor in this instance. His words may have been an innocent mischaracterization. We only point out the obvious gain by such an inference, innocent or not.