**Jimmy Dale TINDEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–160–CR.**

Court of Appeals of Texas, Beaumont.

Aug. 30, 1989.

John C. Manuel, Orange, for appellant.

Kerry M. Klintworth, Orange, for the State.

## OPINION

BURGESS, Justice.

A jury convicted appellant of robbery. The judge found a prior conviction and assessed punishment at life in the Texas Department of Corrections, with a fine of $5,000.00. Additionally, the judge ordered the sentence to run consecutively with a prior sentence and made an affirmative finding of the use of a deadly weapon. Appellant urges seven points of error. We will address them chronologically, rather than numerically.

Point of error number five alleges the trial court committed error by admitting in evidence certain extraneous offenses. Shortly after midnight on August 25, 1985, appellant and an accomplice entered a convenience store near Vidor, Orange County, Texas. Inside the store was a female clerk, P.L.C., and a female friend, C.N. The two men pulled guns and ordered the clerk to empty the cash register. After obtaining the money, the men ordered the women into a car, then taped their eyes and tied their hands. The men drove to a beach near High Island, Texas, where appellant sexually assaulted P.L.C. The men then tied the women together and left them on the beach. Appellant argues that evidence of the kidnapping and sexual assault was inadmissible in that they were extraneous offenses. Appellant contends the sexual assault was so removed in time and distance from the robbery, at least ninety minutes and sixty miles, that it had no probative value, citing *Powers v. State,*

508 S.W.2d 377 (Tex.Crim.App.1974). *Powers*, however, was a murder case where the state introduced evidence of a subsequent burglary. The court, at 380, stated: "Here, the extraneous offense occurred some two to two and one-half hours after the alleged offense and some seven or eight miles away, without any showing that it was part of the same continuing transaction." This qualifier is the difference between *Powers* and this case. Here, the kidnapping and sexual assaults were a continuing transaction between the same parties. Events do not occur in a vacuum, and the jury is entitled to hear what occurred before and after the offense. *Wilkerson v. State*, 736 S.W.2d 656 (Tex.Crim. App.1987); *Gray v. State*, 658 S.W.2d 786 (Tex.App.—Beaumont 1983, no pet.). This point of error is overruled.

■ Points of error six and seven challenge the admissibility of the in-court identification of appellant by one of the women. Approximately a month after the robbery, C.N. was shown a photographic spread containing appellant's photograph. She was unable to identify appellant. Shortly thereafter, she viewed a live line-up and identified appellant as one of the robbers. Because appellant was the one common member of both the photographic spread and the live line-up, appellant contends this was so impermissibly suggestive as to make the in-court identification inadmissible. Neither the photographic spread nor the live line-up were suggestive. The fact that appellant was the only common member of both is also not necessarily impermissibly suggestive. *See Hasker v. State*, 725 S.W.2d 443, 445 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Appellant has not shown how the pretrial procedures were impermissibly suggestive nor has he shown how they gave rise to a very substantial likelihood of irreparable misidentification. *Limuel v. State*, 568 S.W.2d 309, 312 (Tex. Crim.App.1978). C.N. testified she would have been able to identify appellant in court even if she had not seen the photographic spread or attended the live line-up. This is sufficient independent origin. *Holloway v. State*, 691 S.W.2d 608, 615 (Tex. Crim.App.1984), *vacated on other grounds,*

475 U.S. 1105, 106 S.Ct. 1508, 89 L.Ed.2d 908 (1986). These points of error are overruled.

■ Appellant complains in his first point of error of the trial court's failure to include the following instruction:

"You are further instructed that you must be satisfied beyond a reasonable doubt of the accuracy of the identification of the Defendant as the perpetrator of the offense charged, and you are instructed that if from all the facts and circumstances in evidence you have a reasonable doubt as to whether the Defendant is the person who committed the offense alleged in the indictment, if committed, you will find the Defendant not guilty and so say by your verdict."

*Sanders v. State*, 707 S.W.2d 78, 81 (Tex. Crim.App.1986), is dispositive of this point, holding that if an alleged defensive theory merely negates an element of the offense, then no affirmative charge must be given, and listing, as an example, that no charge is required on misidentification, citing *Wilson v. State*, 581 S.W.2d 661, 665 (Tex. Crim.App.1979) (on motion for rehearing); *Green v. State*, 566 S.W.2d 578 (Tex.Crim. App.1978); and *Laws v. State*, 549 S.W.2d 738 (Tex.Crim.App.1977). This point is overruled.

■ Next we consider appellant's argument, under point of error number two, that the trial court erred in entering an affirmative finding of the use of a deadly weapon. Appellant argues he was given no notice that such a finding would be sought as required by *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App.1987). In fact, appellant was indicted for aggravated robbery which alleged the use of a deadly weapon, but the indictment was amended prior to trial to delete such an allegation. The indictment, as amended, provided no notice to appellant, nor was there any special plea filed prior to trial. There being no notice to appellant, the trial court's finding cannot stand. We sustain this point of error.

■ The final two points of error allege insufficient evidence to prove a prior con-

viction. Point of error number three asserts error in the trial court's enhancing appellant's sentence due to the prior conviction. Point of error number four asserts error by the trial court's ordering the present sentence to run consecutively with the prior conviction. The indictment alleged a prior final conviction in 1977 of aggravated rape. At the start of the punishment phase the state read that portion of the indictment, and the following transpired:

"THE COURT: How does the Defendant plead to the enhancement paragraph?

"[DEFENSE COUNSEL]: Guilty, Your Honor."

The cause was recessed almost two months and the following occurred:

"THE COURT: This is in reference to cause number B–860,361, The State of Texas versus Jimmy Dale Tindel. In the guilt/innocence phase of the trial, the jury returned a verdict of guilty on April 22nd, 1988. That was accepted by the court, and the jury was discharged, and the punishment phase was scheduled to begin today after a presentence investigation had been prepared and received. That has been done, so we're ready to proceed.

"[PROSECUTOR]: Also, Your Honor, it's my recollection that the enhancement paragraph of the indictment was read and the defendant pled true to that.

"THE COURT: Yes, that's correct.

"[PROSECUTOR]: I would tender to defense counsel what has been marked as State's Exhibit 29. It purports to be a pen pack, Your Honor.

"[DEFENSE COUNSEL]: Your Honor, I would object to the introduction of State's Exhibit No. 29 on the basis that it purports to contain a judgment and sentence dated September 6th, 1977, wherein it recites that—the jury verdict in the same cause number was not returned by the jury until September 8th, 1977. As a result, on its face it was void. The judgment contained in the pen pack is a void instrument in that it could not have occurred—the dates cannot—the date of

September 6th, 1977, occurred—the judgment was entered prior to the return of the jury verdict by the—on its very face indicates that also, Your Honor, there is—neither the judgment nor the sentence has been signed by the court, the judge of the 178th Judicial District Court of Harris County, as required by law.

"[PROSECUTOR]: Your Honor, due to the fact that it does recite that the jury verdict on guilt was on the 8th versus on the 6th, I'm going to withdraw my request to have that admitted.

"THE COURT: Okay."

Appellant recognizes if a defendant pleads "true" to the enhancement paragraph, the state's burden of proof is satisfied. The plea of true is sufficient proof. *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim.App.1981), *cert. denied*, 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981). Nor does the fact that a plea may be "guilty" rather than "true" make any difference, *Smith v. State*, 486 S.W.2d 374 (Tex.Crim. App.1972), although the recommended terminology is "true," *Harvey, supra*. The issue is whether the plea of "true" by the attorney is sufficient proof or whether the plea must be made by the defendant. *TEX.CODE CRIM.PROC.ANN. art. 27.13* (Vernon 1989) requires that a plea of guilty in a felony case must be made by the defendant in person. *Shields v. State*, 608 S.W.2d 924 (Tex.Crim.App.1980), did hold there was compliance when an attorney announced the plea of nolo contendere, but the court inquired of the defendant about the plea. *See also Adkison v. State*, 762 S.W.2d 255, 259 (Tex.App.—Beaumont 1988, rev. ref'd). We find no cases where a plea to enhancement allegations were made by counsel. *Wilson v. State*, 671 S.W.2d 524 (Tex.Crim.App.1984), held the evidence insufficient to support an enhancement finding where there was no evidence in the record to show the defendant entered a plea of "true." *See also Smith v. State*, 687 S.W.2d 479 (Tex.App.—Dallas 1985, no pet.). Here the plea was not made by appellant, nor did the trial court make any inquiry of appellant after the plea by counsel. This is tantamount to no plea at all. There being no other evidence of the en-

hancement allegation, we must hold the evidence insufficient and remand for a new hearing on punishment. Furthermore, in accordance with *Ex parte Augusta,* 639 S.W.2d 481 (Tex.Crim.App.1982), we are required to declare that the enhancement allegation is not viable for resentencing. *See also Ex parte Sewell,* 742 S.W.2d 393 (Tex. Crim.App.1987).

The judgment on guilt is affirmed; the cause is remanded for a new hearing on punishment only, in accordance with this opinion.