**Affirmed and Memorandum Opinion filed May 24, 2016.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-14-00827-CR

### FELIX JAVIER IRIZARRY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1382346**

## MEMORANDUM OPINION

We consider two issues in this appeal from a conviction for injury to a child: (1) whether the trial court abused its discretion by admitting hearsay testimony under the medical-treatment exception; and (2) whether the evidence is sufficient, for purposes of enhancement, to link appellant to two prior convictions. We conclude that error, if any, in the admission of the hearsay testimony is harmless. We further conclude that the evidence is sufficient to link appellant to the prior convictions. We therefore affirm the trial court's judgment.

## BACKGROUND

The complainant, a seven-year-old boy, arrived at school one morning, crying. His teacher asked what was wrong, and the complainant responded that he had been physically disciplined. The teacher escorted the complainant to the school nurse, who examined the boy. Welts, bruising, and red marks were found on the complainant's back. The nurse contacted Child Protective Services, suspecting that the complainant was being abused at home. Following an investigation, charges were brought against appellant, the complainant's stepfather.

## HEARSAY TESTIMONY

At trial, the State asked the nurse what the complainant had said in regards to his injuries. Appellant objected at this point, claiming that the State's question called for hearsay. The State responded that the elicited testimony was admissible under the medical-treatment exception. The trial court agreed with the State, overruled appellant's objection, and allowed the nurse to answer. According to the nurse, the complainant said that appellant had beaten him with a belt.

The nurse was questioned a second time by the State about what the complainant had said to her. Appellant did not reassert his objection or ask for a running objection.

In his first issue, appellant argues that the trial court abused its discretion by admitting the nurse's hearsay testimony. Appellant contends that the State, as the proponent of the testimony, did not establish the necessary predicates for admitting the nurse's testimony under the medical-treatment exception. *See* Tex. R. Evid. 803(4) (providing the exception); *Taylor v. State*, 268 S.W.3d 571, 588–89, 591 (Tex. Crim. App. 2008) (explaining the predicates required of the proponent of such testimony). The State has not filed a brief in this appeal.

To preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. *See Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection. *Id.* Any error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *Id.*

In this case, appellant timely objected when the State first elicited testimony from the nurse about the complainant's statement. The trial court overruled the objection and allowed the nurse to testify. After her answer, the State asked another seven questions, with subjects ranging from the timing of the complainant's statement to descriptions of the complainant's injuries. Upon the State's eighth question, the nurse was asked again what the complainant had said about the cause of his injuries. Appellant did not object when the nurse repeated her earlier testimony. Following *Valle*, we conclude that any error in the admission of the nurse's testimony was cured because it was admitted elsewhere without objection. *Id.*

## PRIOR CONVICTIONS

The indictment contained two enhancement paragraphs. The first paragraph alleged that appellant was convicted in 2003 for felony possession of a weapon. The second paragraph alleged that appellant was convicted in 2006 for felony possession of a controlled substance. Appellant pleaded not true to both allegations, but after a hearing to the bench, the trial court found that they were true. Now, in his second issue, appellant contends that the evidence is insufficient to prove the two allegations.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the

3

defendant is linked to that conviction. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove these elements in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921–22.

When, as here, the trial court sits as the trier of fact, the trial court weighs the credibility of each piece of evidence and determines whether the totality of the evidence establishes the existence of the alleged conviction and its link to the defendant. *See Wood v. State*, No. PD-0061-15, — S.W.3d —, 2016 WL 1359169, at \*5 (Tex. Crim. App. Apr. 6, 2016). We, as the reviewing court, consider the evidence in the light most favorable to the trial court's decision when determining whether there is legally sufficient evidence to support a finding that an enhancement allegation is true. *Id.*

During the punishment stage of trial, the State offered, and the trial court admitted, a total of eleven exhibits. The first six exhibits were certified copies of judgments for six different offenses, two of which represented the offenses alleged in the two enhancement paragraphs. Exhibits seven through ten were copies of jail cards. Exhibit eleven was a sample of appellant's fingerprints taken the morning of the punishment hearing.

To prove the allegation in the first enhancement paragraph, the State relied on exhibit one. This exhibit was a certified judgment on a plea of guilty for felony

4

possession of a firearm. The judgment bears appellant's name. The cause number and the date of the judgment also match the allegations in the enhancement paragraph. On the final page of the judgment, there is an impression of a right thumbprint. A fingerprints expert examined this thumbprint and compared it with exhibit eleven, the recent control sample taken from appellant. The expert testified that the two prints matched. Thus, there is legally sufficient evidence to support a finding that the first enhancement paragraph is true.

To prove the allegation in the second enhancement paragraph, the State turned to exhibits two and seven. Exhibit two was a certified judgment on a plea of guilty for felony possession of cocaine. Appellant's name appears on this judgment, and the cause number and date of judgment match the allegations in the second enhancement paragraph. This judgment also has an impression of a right thumbprint, but the thumbprint is faint, and the fingerprints expert was unable to use it.

The expert examined exhibit seven, which is one of the four jail cards. The jail card contains appellant's name. At the bottom of the jail card, there are two fingerprints, one marked for the time of commitment and the other for the time of release. The expert compared these prints with exhibit eleven and determined that they matched.

The jail card contained additional information from which the trial court could have reasonably concluded that appellant was linked to the conviction for possession of a controlled substance. First, the face of the jail card reflects that appellant was arrested and booked into jail on January 3, 2006, which is 129 days before May 12, 2006, the date of the judgment. When the date of the judgment is counted, the span is actually 130 days, which is the same amount of time that appellant was credited in the judgment for time already served. The jail card

5

further reflects that appellant's case was assigned to the 208th District Court, that his sentence began on May 12, 2006, and that the sentence itself was three years' imprisonment. All of this information is consistent with the judgment.

The jail card has two slight variances from the judgment. First, the jail card reflects that appellant was arrested for possession with intent to deliver a controlled substance, rather than just simple possession, which was the offense of his conviction. The trial court could have easily resolved this conflict because the jail card was created before the judgment, and the judgment reflects that the State had agreed to reduce the charge as part of a plea bargain.

The second variance involves the trial court cause number. The judgment lists the cause number as 1052170. In the jail card, the cause number is listed as 1052170010100. These numbers are still substantially the same, and the trial court could have reasonably concluded that the extra digits were nonessential placeholders. *See Flowers*, 220 S.W.3d at 920 n.3 (one record's docket number of "MB9539105H" was substantially the same as another record's docket number of "MB9539105").

Appellant still contends that the evidence is insufficient because there is no testimony explaining how the jail card was created. Without such testimony, appellant suggests that he may not be the person named in the jail card, even though his fingerprints appear there. For this proposed rule, appellant cites to *Alridge v. State*, 732 S.W.2d 395 (Tex. App.—Dallas 1987, pet. ref'd). In that case, the court of appeals held that the evidence was insufficient to link the defendant to the prior conviction, even though there were jail cards bearing the defendant's fingerprints. *Id.* at 397–98. Importantly, however, the court of appeals observed that the jail cards had been admitted for record purposes only, which meant that the jail cards could not have been considered by the finder of fact when deciding

6

whether the enhancement paragraph was true. *Id.* at 398. *Alridge* is distinguishable from this case because the jail card here was admitted for all purposes, rather than for record purposes only.

Testimony regarding the creation of a jail card may be useful when proving up an enhancement paragraph. *See, e.g.*, *Daniel v. State*, 585 S.W.2d 688, 689–90 (Tex. Crim. App. [Panel Op.] 1979) (cited in *Alridge*). But the Court of Criminal Appeals has never held that such testimony is required whenever jail cards are admitted into evidence. Instead, the Court has held that the State may establish that a defendant has been convicted of a prior offense "in a number of different ways," and that the finder of fact must look at "the totality of the evidence" when deciding whether the State has met its burden. *See Flowers*, 220 S.W.3d at 291, 293. Based on the fingerprint testimony and all of the similarities between the jail card and the judgment, the trial court could have reasonably found that appellant was convicted of the offense alleged in the second enhancement paragraph.

In one final argument, appellant points out that there are discrepancies in more of the State's exhibits. Appellant refers to the jail card in exhibit seven, which we discussed above, and to the jail card in exhibit nine, which corresponded with a completely separate offense. Both jail cards contained fingerprints, and the expert testified that those fingerprints belonged to appellant. However, the jail cards contained other identifying numbers that were similar, but not exact, matches. Appellant also refers to exhibit four, which is the judgment that pairs with the jail card in exhibit nine. Appellant asserts that there are numerical variances between these documents as well. Altogether, appellant argues that these discrepancies call into question whether the documents belong to appellant even though they contain his fingerprints.

Appellant's argument is unavailing. The State was not required to prove up the offense connected with exhibits four and nine because that offense was not alleged in an enhancement paragraph. As for any discrepancies between the various exhibits, the trial court was free to resolve the conflicts in favor of the State. Viewing the evidence in the light most favorable to the trial court's decision, we conclude that there is legally sufficient evidence to support a finding that appellant was convicted of the two offenses alleged in the enhancement paragraphs.

## CONCLUSION

The trial court's judgment is affirmed.

/s/     Tracy Christopher
        Justice

Panel consists of Justices Christopher, McCally, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).

8